

FILED

MAY — 8 2026

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

JASON KESSLER,
      Plaintiff,

v.                         Civil Action No. 3:26-cv-00317

GAVIN McINNES and
DAVID J. REILLY,
      Defendants.

## PLAINTIFF'S MOTION TO REMAND
### AND MEMORANDUM OF LAW IN SUPPORT THEREOF

## I. INTRODUCTION

Plaintiff Jason Kessler, appearing pro se, respectfully moves this Court pursuant to 28 U.S.C. § 1447(c) to remand this action to the Circuit Court of Cabell County, West Virginia. Removal was improper because Defendants have failed to establish the amount in controversy by a preponderance of the evidence. The sole evidence Defendants offer on this element — statements made by Plaintiff during a telephone call with Defendants' counsel on April 29, 2026 — is inadmissible under Federal Rule of Evidence 408 as statements made in compromise negotiations. The entire call was a settlement negotiation initiated by Defendants' counsel for the purpose of exploring resolution of the filed lawsuit. Every statement Plaintiff made during it, including any reference to figures, was made in that settlement context and is protected by Rule 408 regardless of the precise moment within the call at which it was made. Moreover, Defendants' counsel affirmatively represented during the call, in response to Plaintiff's direct question, that the conversation was privileged and could not be used to prove or disprove a damages figure. Plaintiff explicitly disclaimed any agreement or confirmation, stating he was merely spitballing. Plaintiff also explicitly raised his concern that the call was a strategy to extract usable statements — identifying himself as a pro se litigant without legal knowledge — and Defendants' counsel responded by feigning ignorance. Defendants' counsel then used those statements as the primary basis for removal. This Court should not permit the amount in controversy to be established through statements made in a settlement negotiation by an unrepresented litigant who explicitly disclaimed any confirmation and explicitly raised his concern about being taken advantage of.

In addition, the Notice of Removal contains two false statements of fact certified under Rule 11: it misrepresents the date of the telephone call as April 28 when it was April 29, and it

misrepresents the date of service as April 27 when service was effected on April 29. Plaintiff respectfully requests remand and an award of fees and costs.

## II. FACTUAL BACKGROUND

### A. The Circumstances of the April 29, 2026 Telephone Call

Plaintiff Jason Kessler filed this action in the Circuit Court of Cabell County, West Virginia on April 27, 2026. Defendant McInnes was served on April 27, 2026 — the same day the complaint was filed.

On April 29, 2026 at approximately 11:18 AM Eastern Time — two days after service was effected — Plaintiff received a telephone call from Marc Randazza, Esq., counsel for Defendant McInnes. The call was initiated by Defendants' counsel through a mutual acquaintance, under the stated purpose of exploring amicable resolution. Plaintiff has a full audio recording of the call, made lawfully pursuant to West Virginia's one-party consent recording statute, W. Va. Code § 62-1D-3(e). A full transcript is attached hereto as Exhibit A.

Plaintiff is a pro se litigant with no legal training. Mr. Randazza is a nationally prominent First Amendment litigator with over thirty years of experience. During the call, Plaintiff was concerned about whether his statements could be used against him in the legal proceedings and asked that question directly:

> **Kessler:** Is our present conversation something which I will be beholden to in this legal process?
>
> **Randazza:** Well, right now, we're… what do you mean by beholden to?
>
> **Kessler:** Is our present discussion something that can be used against me?
>
> **Randazza:** No. Our communications are privileged. They can't be used to prove or disprove a figure plan.

During the course of the conversation Plaintiff referenced $75,000 — not as a statement of the case's value but as a description of the threshold Defendants would themselves argue in order to remove the case to federal court, suggesting they could use it as a starting point since they would be making that argument themselves. Plaintiff made clear this was not a representation or agreement, stating explicitly: "I'm not agreeing to these things. I'm just spitballing some things that come to my mind." Plaintiff then asked directly whether the conversation could be used against him. Defendants' counsel responded: "No. Our communications are privileged. They can't be used to prove or disprove a figure plan." Later in the same call, Plaintiff raised his concern directly and identified himself as an unrepresented party: "I just don't want to be taken advantage of because I'm not an attorney. I'm a pro se litigant and I don't know if this is some kind of strategy to get me to say something you can use against me because I don't have knowledge." Randazza responded: "I guess I don't know what it is you're concerned about." Plaintiff had thus explicitly and presciently identified — during the call itself — the exact strategy that has now materialized. Randazza knew Plaintiff was a pro se litigant with no legal training. Randazza knew Plaintiff

was specifically concerned about being taken advantage of. Rather than clarifying his "privileged" representation, Randazza feigned ignorance and proceeded to use Plaintiff's statements in a federal court filing. At no point did Plaintiff represent that $75,000 was his assessment of the case's value. At no point did Plaintiff make a settlement demand.

### B. The Notice of Removal

On May 6, 2026, Defendants filed a Notice of Removal. Paragraphs 6 through 8 and 12 rely exclusively on Plaintiff's statements during the April 29 call to establish the amount in controversy:

> *¶ 6. While the complaint does not allege specific damages, Plaintiff confirmed that he seeks more than $75,000.00 in damages.*
>
> *¶ 7. In discussion with Plaintiff Jason Kessler, proceeding pro se, he confirmed that he is unwilling to settle the case for less than $75,000.00 and anything less "would be an insult."*
>
> *¶ 8. This conversation was on 28 April 2026 at approximately 11:12 AM Eastern Time.*

These paragraphs are inadmissible, materially inaccurate, and contain a false statement of fact. The call was April 29, not April 28, as confirmed by Plaintiff's recording. Plaintiff's statements were made in a settlement negotiation, after opposing counsel represented they could not be used to prove a figure, and are mischaracterized as a "confirmation" of case value when Plaintiff was describing Defendants' own anticipated litigation argument and had expressly disclaimed any agreement.

## III. LEGAL STANDARD

A defendant removing on diversity grounds bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Dart Cherokee* Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014). If the plaintiff contests the amount, both sides submit proof and the court decides. Id. Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *Mulcahey* v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand is necessary. Id.

## IV. ARGUMENT

### A. Defendants' Sole Evidence of the Amount in Controversy Is Inadmissible Under Federal Rule of Evidence 408.

Federal Rule of Evidence 408(a)(2) provides that evidence of "conduct or a statement made during compromise negotiations about the claim" is not admissible to prove or disprove the validity or amount of a disputed claim. The April 29 call was a compromise negotiation. It was initiated by Defendants' counsel for the purpose of exploring resolution of the filed

lawsuit. Plaintiff repeatedly stated he was not ready to make a settlement offer. Every statement Plaintiff made during that call was a statement made during compromise negotiations within the meaning of Rule 408.

Inadmissible evidence cannot establish subject matter jurisdiction. Defendants' only evidence of the amount in controversy is the April 29 statements. Without those statements, Defendants have no evidence: the complaint does not allege specific damages and Defendants have offered nothing else. Remand is therefore required.

## B. Defendants' Counsel's Affirmative Misrepresentation to Plaintiff Estops Defendants From Relying on the Statements.

Independent of Rule 408, the conduct of Defendants' counsel warrants denial of the amount in controversy evidence on equitable grounds and under this Court's inherent supervisory authority. LR Civ P 83.7; *Chambers* v. NASCO, Inc., 501 U.S. 32, 43 (1991). The sequence of events on the April 29 call is significant: Plaintiff made statements in the context of what both parties understood to be a settlement negotiation; Plaintiff explicitly disclaimed any agreement by stating he was "not agreeing to these things" and was "just spitballing"; Plaintiff directly asked whether the conversation could be used against him; Defendants' counsel represented that the communications were "privileged" and "can't be used to prove or disprove a figure plan"; Plaintiff then explicitly raised his concern that the call was a strategy to extract usable statements, identifying himself as a pro se litigant without legal knowledge; and Defendants' counsel responded by feigning ignorance — "I guess I don't know what it is you're concerned about" — rather than clarifying. The net effect of this sequence is that Randazza: (1) knew the entire conversation was occurring in a settlement context; (2) gave a false assurance that statements could not be used to prove a figure; (3) was explicitly told by Plaintiff that he feared being taken advantage of as a pro se litigant; (4) chose not to correct his assurance or clarify the call's status; and (5) then used Plaintiff's statements to establish federal jurisdiction. A court that countenances this approach effectively permits attorneys to extract jurisdictional concessions from unrepresented parties by neutralizing their concerns with false assurances of privilege and responding to their explicit fears with feigned ignorance. This Court has inherent authority to refuse to permit the amount in controversy to be established on this basis. See *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 59 (1984); *Chambers*, 501 U.S. at 43.

This conduct also implicates this Court's supervisory authority over counsel appearing before it. LR Civ P 83.7 requires counsel to comply with the ABA Model Rules of Professional Conduct. Model Rule 4.3 prohibits a lawyer from taking advantage of an unrepresented person in legal communications. Telling an unrepresented litigant that a conversation "can't be used to prove or disprove a figure" in order to induce candid statements, then using those statements to establish federal jurisdiction, is precisely the conduct Rule 4.3 prohibits. This Court has inherent authority to decline to countenance removal based on evidence obtained through an affirmative misrepresentation to an unrepresented party. *Chambers* v. NASCO, Inc., 501 U.S. 32, 43 (1991).

## C. Defendants' Characterization of Plaintiff's Statements Is Materially Inaccurate.

Even if the Court were to consider the statements, the Notice of Removal materially mischaracterizes them. Plaintiff did not "confirm" he seeks more than $75,000 in damages. The recording demonstrates precisely the opposite. Plaintiff explicitly stated during the call: "I'm not agreeing to these things. I'm just spitballing some things that come to my mind." A person who expressly disclaims agreement and describes their statements as "spitballing" is not "confirming" anything. Plaintiff also referenced $75,000 not as his own assessment of case value but as the threshold Defendants would themselves argue to establish federal jurisdiction — describing their anticipated litigation strategy. Presenting Plaintiff's explicit disavowal and description of Defendants' own anticipated argument as a "confirmation" of case value is a material misrepresentation of the factual record in a Rule 11 certified pleading and does not satisfy Defendants' burden under *Dart Cherokee*.

### D. The Notice of Removal Contains False Statements of Fact.

Paragraph 8 states the call was on "28 April 2026 at approximately 11:12 AM Eastern Time." The call was April 29, 2026 at approximately 11:18 AM Eastern Time, as confirmed by Plaintiff's recording and call log. This false statement of fact — certified under Rule 11 — demonstrates that the Notice of Removal misrepresents the factual record and was not prepared with the accuracy required for a federal court filing on which jurisdiction depends.

### E. All Doubts Must Be Resolved in Favor of Remand.

The Fourth Circuit requires strict construction of removal statutes and resolution of all doubts in favor of remand. *Mulcahey*, 29 F.3d at 151. Defendants' only evidence of the amount in controversy is inadmissible under Rule 408, was obtained through an affirmative misrepresentation to an unrepresented party, is materially mischaracterized in the Notice, and is accompanied by two false statements of fact. There is no admissible evidence establishing the amount in controversy. Every doubt must be resolved in favor of remand.

## V. REQUEST FOR FEES AND COSTS

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal. Fee awards are appropriate where the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendants' sole basis for establishing the amount in controversy is a statement that their own counsel told Plaintiff was privileged and could not be used to prove a figure — obtained from an unrepresented party through that affirmative misrepresentation. No objectively reasonable basis for removal exists on these facts. Plaintiff respectfully requests an award of fees and costs.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

(1) Remand this action to the Circuit Court of Cabell County, West Virginia pursuant to 28 U.S.C. § 1447(c);

(2) Award Plaintiff just costs and actual expenses incurred as a result of the improper removal pursuant to 28 U.S.C. § 1447(c); and

(3) Grant such other and further relief as this Court deems just and appropriate, including relief with respect to the conduct of Defendants' counsel in obtaining statements from an unrepresented party through misrepresentation and using them in a federal court filing.

Respectfully submitted,

s/ Jason Kessler

Jason Kessler
Pro Se Plaintiff
1356 5th Ave
Apt 13
Huntington, WV 25701
571-460-0412
jasonerickessler@gmail.com
Date: 5/8/26

## CERTIFICATE OF SERVICE

I, Jason Kessler, hereby certify that on the date indicated below, I served a true and correct copy of the foregoing Motion upon the following:

Marc J. Randazza, Esq. / Randazza Legal Group, PLLC
ecf@randazza.com (served by electronic mail)

Daniel P. Taylor, Esq. / Taylor & Makricostas, PLLC
320 Penco Road, P.O. Box 2827, Weirton, WV 26062
dtaylor@taymaklaw.com (served by electronic mail)

David J. Reilly
3710 N Carolwood Ct, Post Falls, ID 83854
(served by U.S. mail)

s/ Jason Kessler
_____
Jason Kessler, Pro Se Plaintiff
Date: 5/8/26

_____

## EXHIBIT A — TRANSCRIPT OF RECORDED TELEPHONE CALL

### April 29, 2026 — Commencing at Approximately 11:18 AM Eastern Time
### Participants: Jason Kessler and Marc Randazza, Esq.

[Audio clip filed on USB with court. Key excerpts for the Court's immediate reference:]

> **Kessler:** Is our present conversation something which I will be beholden to in this legal process?
>
> **Randazza:** Well, right now, we're… what do you mean by beholden to?
>
> **Kessler:** Is our present discussion something that can be used against me?
>
> **Randazza:** No. Our communications are privileged. They can't be used to prove or disprove a figure plan.

[Transcript continues — see attached audio recording and complete transcript. Additional key excerpts, in chronological order:]

> Kessler: I'm not agreeing to these things. I'm just spitballing some things that come to my mind.
> … [Kessler then asks whether the conversation can be used against him; Randazza states "No. Our communications are privileged. They can't be used to prove or disprove a figure plan."] …
> Kessler: I just don't want to be taken advantage of because I'm not an attorney. I'm a pro se litigant and I don't know if this is some kind of strategy to get me to say something you can use against me because I don't have knowledge.
> Randazza: I guess I don't know what it is you're concerned about.

[Full transcript continues — see attached audio recording]

s/ Jason Kessler
_____
Jason Kessler, Pro Se Plaintiff
Date: 5/8/26