

FILED

MAY -8 2026

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

---

**JASON KESSLER,**
       Plaintiff,

*v.*                                   Civil Action No. 3:26-cv-00317

**GAVIN McINNES and
DAVID J. REILLY,**
       Defendants.

---

## PLAINTIFF'S EMERGENCY MOTION FOR ORDER
## REQUIRING PROPER SERVICE ON PLAINTIFF
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

## I. INTRODUCTION

Plaintiff Jason Kessler, appearing pro se, respectfully moves this Court on an emergency basis for an Order requiring Defendants' counsel to serve all electronically filed documents on Plaintiff simultaneously with filing, by email to jasonerickessler@gmail.com. Plaintiff is not registered for CM/ECF. Defendants' counsel have been filing documents via CM/ECF and certifying service "via transmission of Notices of Electronic Filing generated by CM/ECF" — a method that does not constitute valid service on an unregistered party. Plaintiff has repeatedly requested that Defendants' counsel serve filings by email. Those requests have been ignored. As a result, Plaintiff is not receiving notice of filings in this case until after they appear on the docket, if at all, and faces the risk that response deadlines will run without his knowledge. This is precisely the harm that Fed. R. Civ. P. 5(b) and the Court's Administrative Procedures are designed to prevent.

## II. BACKGROUND

### A. Plaintiff Is Not Registered for CM/ECF and Has Not Consented to Electronic Service Through That System.

Plaintiff is a pro se litigant proceeding without an attorney in Civil Action No. 3:26-cv-00317. Pursuant to Section 3.1.1.2 of the Administrative Procedures for Electronic Case Filing of the Southern District of West Virginia, non-prisoner pro se filers may file electronically only upon permission of the Court granted by Order. Plaintiff has filed a Motion for Permission to

File Electronically, which is pending. Until that permission is granted, Plaintiff is not a registered CM/ECF user and does not receive Notices of Electronic Filing from the Court's CM/ECF system.

Plaintiff has provided his email address — jasonerickessler@gmail.com — to Defendants' counsel and has repeatedly and explicitly requested that all filings be served on him by email simultaneously with their electronic filing. Plaintiff made this request in writing on three documented occasions, attached hereto as Exhibit A: (1) on April 29, 2026 at 6:48 PM, by email to mjr@randazza.com, in which Plaintiff wrote "Please email me a copy of any motions or filings" — sent the same day as the initial phone call and nine days before the Notice of Removal was filed; (2) on May 7, 2026 at 4:02 PM, by email to both ecf@randazza.com and dtaylor@taymaklaw.com, in which Plaintiff stated "I have already made it crystal clear to Mr Randazza that I want to be served pleadings by email" and warned that failure to do so "fits into an emerging fact pattern of trying to exploit a pro se litigant"; and (3) on May 7, 2026 at 7:19 PM, by email to both counsel, in which Plaintiff stated "I see that a lot of documents have been filed on the docket without serving me at this email address, per my request. I need the Statement of Visiting Attorney and all other documents filed in state and federal court in this case." Under Fed. R. Civ. P. 5(b)(2)(E), service by electronic means is permitted when the person consented to it in writing. Each of these three emails constitutes written consent to email service under Rule 5(b)(2)(E).

## B. Defendants' Counsel Have Defectively Served Filings Through CM/ECF Notification Alone.

The Certificate of Service filed with the Notice of Removal (ECF No. 1) states: "I hereby certify that on May 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served on all appearing parties via transmission of Notices of Electronic Filing generated by CM/ECF." The certificate's reference to "all appearing parties" is significant: at the time of filing, Plaintiff had not yet appeared as a registered CM/ECF user in the federal case, meaning Defendants may contend the certificate was technically accurate as to registered appearing parties at that moment. This contention, even if accepted, does not satisfy Defendants' service obligations. Section 9.5 of the Administrative Procedures for Electronic Case Filing expressly imposes an affirmative obligation on electronic filers to serve non-registered parties by traditional means: "[f]ilers are required to serve copies of any electronically filed pleading, document, or proposed order on parties not registered for ECF in accordance with the Federal Rules of Civil and Criminal Procedure." This obligation exists independently of whether the non-registered party has formally appeared — it is triggered by the fact of non-registration, not by the absence of appearance. Plaintiff is not registered for ECF. CM/ECF notification does not reach him.

Defendants' counsel have been on explicit written notice of Plaintiff's request for email service since April 29, 2026 — nine days before any federal filing was made. Plaintiff made his written requests three times in documented emails (Exhibit A). Those requests have been ignored entirely. Not a single filing made by Defendants' counsel has been served on Plaintiff by email or by any other traditional means. Defendants' counsel have filed the

Notice of Removal (ECF No. 1), the Statement of Visiting Attorney (ECF No. 5), and potentially other documents, none of which Plaintiff received by any effective means.

### C. The Failure of Service Is Causing Imminent Prejudice to Plaintiff.

This action involves multiple pending motions with active response deadlines, including Plaintiff's Motion to Remand (filed May ___, 2026, with Defendants' opposition due within the time prescribed by LR Civ P 7.1(a)(2)) and Plaintiff's Motion to Strike the Statement of Visiting Attorney of Marc J. Randazza, Esq. (ECF No. 5). Plaintiff's ability to respond to Defendants' filings on these motions depends entirely on his receiving notice of those filings. Because Defendants are not serving Plaintiff by any effective means, each filing by Defendants creates a risk that Plaintiff's response deadline will run before he becomes aware the filing exists. This is not a theoretical risk — it is the predictable and foreseeable consequence of Defendants' failure to comply with their obligations under Rule 5 and Section 9.5 of the Court's Administrative Procedures, obligations they have been put on notice of through Plaintiff's repeated requests for email service.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 5(a) requires that every pleading subsequent to the original complaint, every written motion, and every other paper must be served on each party. Fed. R. Civ. P. 5(b)(2) prescribes the permissible methods of service. Service by electronic means under Rule 5(b)(2)(E) is permitted only when the person served has consented in writing. Service through a court's electronic filing system does not constitute valid service on a party who is not registered with that system. See Administrative Procedures for Electronic Case Filing, S.D.W. Va., § 9.5 ("[f]ilers are required to serve copies of any electronically filed pleading, document, or proposed order on parties not registered for ECF in accordance with the Federal Rules of Civil and Criminal Procedure").

This Court has inherent authority to manage its proceedings and to issue orders necessary to ensure that all parties receive proper notice of filings and have a fair opportunity to respond. See

## IV. ARGUMENT

### A. Service Through CM/ECF Notification Alone Is Not Valid Service on Plaintiff.

The rule is clear and undisputed: CM/ECF notification constitutes valid service only on registered CM/ECF users. Plaintiff is not a registered CM/ECF user. Defendants' counsel know this. Regardless of whether their certificates of service are technically accurate as to registered appearing parties, those certificates do not satisfy the affirmative obligation imposed by Section 9.5 of the Administrative Procedures to serve non-registered parties by traditional means. That obligation exists precisely to prevent the situation now before this Court: a pro se party effectively excluded from the litigation because an electronic notification system does not reach him.

**B. Plaintiff Has Consented to Email Service and Defendants Have Refused to Use It.**

Plaintiff has provided his email address to Defendants' counsel and has explicitly requested email service on multiple occasions. This constitutes written consent to electronic service under Fed. R. Civ. P. 5(b)(2)(E). Email service is instantaneous, reliable, and creates a documented record of receipt. It imposes no burden on Defendants' counsel. There is no legitimate reason for Defendants' counsel to refuse it. Their failure to serve Plaintiff by email despite his explicit consent and repeated requests — whether inadvertent or otherwise — maintains an information asymmetry that benefits Defendants at Plaintiff's expense and is inconsistent with their obligations under Rule 5 and Section 9.5 of the Administrative Procedures.

**C. The Court Should Issue an Order Requiring Email Service and Protecting Plaintiff's Response Deadlines.**

This Court has both the authority and the obligation to ensure that a pro se plaintiff receives meaningful notice of filings in his own case. The appropriate remedy is a standing order requiring Defendants' counsel to serve all electronically filed documents on Plaintiff by email to jasonerickessler@gmail.com simultaneously with each filing, and providing that any filing not so served shall not trigger Plaintiff's response deadline until proper service is accomplished and confirmed.

Plaintiff additionally requests that the Court direct the Clerk's Office to mail paper copies of all docket entries and filed documents to Plaintiff at 1356 5th Ave Apt 13, Huntington, WV 25701, pending resolution of Plaintiff's Motion for Permission to File Electronically. This is a standard accommodation available to pro se parties and imposes minimal burden on the Clerk's Office while ensuring Plaintiff receives notice of all proceedings.

Finally, Plaintiff requests that the Court declare that any response deadline triggered by a filing that was not properly served on Plaintiff shall be computed from the date of actual notice to Plaintiff rather than the date of filing. This is consistent with the principle that a response deadline cannot run against a party who has not received valid service of the document triggering the deadline. See Fed. R. Civ. P. 5(b);

## V. CONCLUSION

For the foregoing reasons, Plaintiff Jason Kessler respectfully requests that this Court:

> (1) Order that Defendants' counsel shall serve all electronically filed documents on Plaintiff simultaneously with each filing by email to jasonerickessler@gmail.com, and that a certificate of service reflecting such email service shall accompany each filing;

> (2) Order that any filing by Defendants not served on Plaintiff by email simultaneously with filing shall not trigger Plaintiff's response deadline until Plaintiff receives actual notice of the filing;

(3) Direct the Clerk's Office to mail paper copies of all docket entries and filed documents to Plaintiff at 1356 5th Ave Apt 13, Huntington, WV 25701, pending resolution of Plaintiff's Motion for Permission to File Electronically; and

(4) Grant such other and further relief as this Court deems just and appropriate to ensure Plaintiff receives meaningful and timely notice of all filings in this action.

Respectfully submitted,

s/ Jason Kessler

Jason Kessler
Pro Se Plaintiff
1356 5th Ave Apt 13
Huntington, WV 25701
571-460-0412
jasonerickessler@gmail.com

Date: 5/8/26

## EXHIBIT A — PLAINTIFF'S EMAIL REQUESTS FOR SERVICE

The following are true and accurate screenshots of emails sent by Plaintiff Jason Kessler to Defendants' counsel requesting email service of all filings, in chronological order. No response requesting email service has been provided by Defendants' counsel to any of these communications.

**Figure A-1: Email from Jason Kessler to mjr@randazza.com, April 29, 2026, 6:48 PM — First written request for email service, made nine days before any federal filing.**



**Figure A-2: Email from Jason Kessler to ecf@randazza.com and dtaylor@taymaklaw.com, May 7, 2026, 4:02 PM — Second written request, noting prior request and pattern of exploitation of pro se litigant.**



**Figure A-3: Email from Jason Kessler to ecf@randazza.com and dtaylor@taymaklaw.com, May 7, 2026, 7:19 PM — Third written request, specifically requesting the Statement of Visiting Attorney and all other unfiled documents.**

Request to be Served All Documents

Jason Kessler <jasonerickessler@gmail.com>
to ecf, dtaylor

Thu, May 7, 7:19 PM (5 hours ago)

I see that a lot of documents have been filed on the docket without serving me at this email address, per my request. I need the Statement of Visiting Attorney and all other documents filed in state and federal court in this case.

Jason Kessler

## CERTIFICATE OF SERVICE

I, Jason Kessler, hereby certify that on the date indicated below, I served a true and correct copy of the foregoing Motion upon the following:

Marc J. Randazza, Esq. / Randazza Legal Group, PLLC
ecf@randazza.com (served by electronic mail)

Daniel P. Taylor, Esq. / Taylor & Makricostas, PLLC
320 Penco Road, P.O. Box 2827, Weirton, WV 26062
dtaylor@taymaklaw.com (served by electronic mail)

David J. Reilly
3710 N Carolwood Ct, Post Falls, ID 83854
(served by U.S. mail)

s/ Jason Kessler

Jason Kessler, Pro Se Plaintiff
Date: 5/8/26