# **Exhibit 2**

## Declaration of David Reilly

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

---------------------------------------------------------------X

JASON KESSLER,                          :

                          Plaintiff,    :   Civil Action No.

                                        :

        -against-                       :

                                        :   **DAVE REILLY DECLARATION**

GAVIN MCINNES AND DAVID J.              :
REILLY,                                 :

                                        :

                          Defendants.   :

---------------------------------------------------------------X

I, Dave Reilly, hereby declare as follows:

1)      I am over the age of eighteen years and am mentally competent to make this declaration. I make this declaration based upon my own personal knowledge, and if called upon to testify to its contents, could and would do so consistently herewith.

2)      I am a named Defendant in the above-captioned matter, proceeding pro se.

3)      I am the founder, host, and producer of the Backlash Podcast, which I have operated for approximately 1.5 years. The Backlash Podcast is my primary professional endeavor and my primary source of income.

4)      The Backlash Podcast has broadcast over [137+] episodes to an audience of subscribers and listeners across multiple platforms including Rumble, Spotify, Apple Podcasts, and others. The podcast addresses political commentary, current events, and matters of public concern. My editorial independence — the freedom to cover topics and host guests without external dictation of content — is the foundation upon which my audience relationship and professional livelihood are built.

1

5)    Plaintiff's Complaint demands injunctive relief requiring me, among other things, to retract and remove content from the Backlash Podcast episode at issue and from all platforms under my control.

6)    Compliance with the injunctive relief demanded by Plaintiff would cause me harm vastly exceeding $75,000, for the following independent reasons:

7)    First, the Backlash Podcast has never retracted or removed content at the demand of any subject of coverage, regardless of that subject's power, prominence, or resources. This unblemished record of editorial independence is not merely a point of professional pride — it is a core element of the trust relationship between the podcast and its audience. A forced retraction or content removal, imposed by court order at the demand of a subject of coverage, would signal to my audience that the podcast's editorial independence can be overcome by litigation pressure. The resulting loss of audience trust, subscriber revenue, and professional reputation would cause economic harm substantially exceeding $75,000.

8)    Second, the Backlash Podcast is my sole significant source of income. I operate at the margins of financial viability. Any material reduction in audience, subscriber revenue, or professional standing resulting from a forced content removal would threaten the continued operation of the podcast entirely. The value of my continued ability to operate the podcast — and the economic harm from its impairment — substantially exceeds $75,000.

9)    Third, my First Amendment rights as a publisher and journalist — specifically my right to broadcast political commentary and host guests discussing matters of public concern without government-compelled retraction — have independent constitutional value that courts have consistently recognized as substantial. A judicial order compelling me to remove or retract published political commentary would constitute a prior restraint and compelled speech of the

2

most serious constitutional dimension, the value of which to me as a publisher exceeds $75,000 by any reasonable measure.

10)    Fourth, the Backlash Podcast has made commentary about public figures and matters of public concern throughout its history, including coverage of individuals far more powerful and resourceful than Plaintiff. If the injunctive relief sought by Plaintiff were granted and enforced against me, it would establish a precedent within my operation that litigation pressure can compel content removal — fundamentally altering my editorial operations and exposing me to similar demands from other subjects of coverage. The cumulative business impact of that precedent substantially exceeds $75,000.

11)    In summary, even in a hypothetical scenario in which Plaintiff sought no monetary damages whatsoever and demanded only the injunctive relief described in his Complaint, the value of what I would be forced to surrender — my editorial independence, my audience trust, my professional livelihood, and my First Amendment rights as a publisher — would substantially exceed $75,000.

12)    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 5/8/26

Respectfully Submitted,

Dave Reilly

3