

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JASON KESSLER,

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 3:26-cv-00317

GAVIN MCINNES and

DAVID J. REILLY,

　　　　　Defendants.

## PLAINTIFF'S MOTION TO STRIKE OR DISREGARD

## EXHIBITS 5 AND 6 AND PORTIONS OF DECLARATION OF MARC J. RANDAZZA

### I. INTRODUCTION

Plaintiff Jason Kessler, appearing pro se, respectfully moves this Court to strike — or, in the alternative, to disregard — Exhibits 5 and 6 attached to Defendant McInnes's Opposition to Plaintiff's Motion to Remand (ECF Nos. 18-5 and 18-6) and paragraphs 10, 11, and 17 of the accompanying Declaration of Marc J. Randazza (ECF No. 18-3). The challenged materials are not properly considered on the question presented by the underlying motion — whether the amount in controversy exceeds $75,000 — and should be excluded from the Court's analysis.

The challenged materials consist of: (i) a republished newspaper article from a third-party publication (Ex. 5); (ii) a 2020 affidavit by an Albemarle County, Virginia prosecutor opposing Plaintiff's concealed handgun permit application (Ex. 6); and (iii) Mr. Randazza's sworn discussion of Plaintiff's 21-year-old criminal charges, a dismissed perjury indictment, and his express argument that this prior conduct supports an inference that Plaintiff intentionally mistranscribed the April 29, 2026 telephone call (Randazza Decl. ¶¶ 10, 11, 17).

Each of these materials is irrelevant under Federal Rule of Evidence 401, constitutes improper character evidence under Federal Rule of Evidence 404, and carries prejudicial effect that substantially outweighs any probative value under Federal Rule of Evidence 403. Exhibit 6 additionally consists of out-of-court statements offered for their truth, for which Defendants have not established any applicable hearsay exception, and is fundamentally incomplete because it references underlying exhibits not provided to this Court.

## II. PROCEDURAL AUTHORITY

Plaintiff recognizes that Federal Rule of Civil Procedure 12(f) is most commonly invoked to strike material from pleadings rather than from motion papers. Federal courts nevertheless possess inherent authority to disregard inadmissible or improper material submitted in support of a motion, and routinely exercise that authority — particularly in jurisdictional disputes where the record bearing on subject matter jurisdiction must be properly developed. The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of competent evidence. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where the removing party seeks to support that jurisdictional showing with material that is irrelevant to amount in controversy or that consists of impermissible character evidence, the Court may strike or simply disregard such material in its remand analysis. Plaintiff accordingly seeks an order striking the challenged materials or, in the alternative, an express ruling that the materials will not be considered in deciding the Motion to Remand.

## III. STANDARD

Federal Rule of Evidence 401 provides that evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible. Federal Rule of Evidence 403 provides that even relevant evidence may be excluded where its probative value is "substantially outweighed by a danger of … unfair prejudice." Federal Rule of Evidence 404(a)(1) provides that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

The fact of consequence in determining the underlying motion is whether the amount in controversy exceeds $75,000 for purposes of federal diversity jurisdiction. None of the challenged materials bears on that question.

## IV. ARGUMENT

### A. Exhibit 6 (Hingeley Affidavit) Should Be Stricken or Disregarded in Its Entirety.

Exhibit 6 is a 2020 affidavit by James Hingeley, Albemarle County Commonwealth's Attorney, prepared and submitted in *In Re: Jason Eric Kessler, Concealed Handgun Permit*, Case No. CL20-1609 (Va. Cir. Ct. Albemarle County). The Hingeley Affidavit was prepared to support the denial of Plaintiff's application for a concealed handgun permit under Virginia law. It has no connection to the present defamation action, the amount in controversy, federal diversity jurisdiction, or any other issue before this Court.

The Hingeley Affidavit catalogs Plaintiff's criminal record, including a 2005 conviction for obstruction of justice, a 2005 conviction for failure to appear, and a 2017 conviction for assault and battery, and discusses an indictment for perjury that was dismissed. It includes Mr. Hingeley's personal opinions that Plaintiff "makes false statements under oath," "has a propensity for violence," and "has disregard for the authority of the Court." It concludes with the prosecutor's opinion that Plaintiff's issuance of a concealed handgun permit would "present a clear and present danger to the safety of this community."

The affidavit should be stricken or disregarded for the following independent reasons:

> Irrelevant. The amount-in-controversy question turns on the value of Plaintiff's claims and the cost of injunctive compliance, not Plaintiff's criminal history, character, or fitness to carry a firearm. None of the matters discussed in the Hingeley Affidavit has any tendency to make any fact of consequence to the underlying motion more or less probable. FED. R. EVID. 401, 402.

> Improper character evidence. Federal Rule of Evidence 404(a)(1) bars use of character evidence to prove that a person acted in accordance with the character or trait on a particular occasion. Defendants offer Exhibit 6 precisely for the prohibited purpose — to suggest, as Mr. Randazza expressly argues in his

Declaration paragraph 17, that Plaintiff's prior conduct makes it more likely Plaintiff intentionally mistranscribed the April 29 call. That is the textbook propensity inference Rule 404 prohibits.

Substantially more prejudicial than probative. The probative value of a six-year-old prosecutor's affidavit about a concealed handgun permit denial is, with respect to the amount-in-controversy question before this Court, minimal at best. The prejudicial value is significant — the affidavit invites the Court to view Plaintiff as a violent and dishonest criminal who should not be credited on collateral matters. The balance under Rule 403 strongly favors exclusion.

Hearsay without an established exception. The Hingeley Affidavit consists of out-of-court statements (the prosecutor's recitations of underlying records and his personal opinions about Plaintiff's character) offered for the truth of the matters asserted. It is therefore hearsay under Federal Rule of Evidence 801. Defendants have not identified any applicable hearsay exception. To the extent Defendants might invoke the public-records exception, Federal Rule of Evidence 803(8) requires that the record set out factual findings from a legally authorized investigation and is subject to a trustworthiness exception where the source of information or circumstances indicate a lack of trustworthiness; Defendants have made no showing of either factual-findings character or trustworthiness, and the affidavit is largely composed of opinion rather than factual findings. Nor have Defendants offered the affidavit for a non-hearsay purpose such as notice or state of mind. The proponent of evidence bears the burden of establishing admissibility, and Defendants have not carried it.

Incomplete. The Hingeley Affidavit repeatedly references underlying exhibits ("Exhibit 1 attached," "Exhibit 3 attached," "Exhibit 5 attached," etc.) that were attached to the original Albemarle proceeding but are not provided to this Court. Defendants ask this Court to give weight to an affidavit whose evidentiary basis is not before the Court. Even setting aside the other infirmities, that alone is grounds for disregarding the affidavit.

Remoteness. To the extent the affidavit purports to prove Plaintiff's 2005 obstruction of justice and failure to appear convictions, those convictions are 21 years old. Remoteness in time substantially reduces probative value even where the older conduct might otherwise be relevant, and amplifies the Rule 403 unfair-prejudice concerns identified above.

Exhibit 6 should be stricken or disregarded in its entirety.

### B. Paragraphs 10, 11, and 17 of the Randazza Declaration Should Be Stricken or Disregarded.

The same defects apply to Mr. Randazza's sworn discussion of Plaintiff's criminal history and dismissed perjury indictment in paragraphs 10, 11, and 17 of his Declaration (ECF No. 18-3). Paragraphs 10 and 11 recite the criminal history; paragraph 17 makes the express propensity argument:

> "I am unable to be 100% charitable when considering this. Mr. Kessler did previously attack someone, then lie about it in order to try and get the victim charged."

Randazza Decl. ¶ 17. This is, by its own terms, a request that the Court draw a propensity inference from Plaintiff's prior conduct. Federal Rule of Evidence 404(a)(1) prohibits exactly that inference, regardless of how the argument is framed or by whom it is advanced.

Paragraphs 10, 11, and 17 of the Randazza Declaration should be stricken or disregarded under Federal Rules of Evidence 401, 403, and 404.

### C. Exhibit 5 (American Free Press Article) Should Be Stricken, Disregarded, or Considered Only in Full Context.

Exhibit 5 is an article published in American Free Press on May 11, 2026, recounting a panel discussion in which Plaintiff was one of several speakers. Defendants use the article for a narrow purpose: to support the argument that Plaintiff, having referenced his prior pro se litigation experience in a published article, is not entitled to liberal construction of his filings in this federal removal proceeding. Defendants quote a single sentence from Plaintiff's portion of the article: "I

am not an attorney, but I have spent many years in legal combat, including as a successful pro se litigant."

The exhibit should be stricken or disregarded for the following reasons:

> The exhibit is not probative of any fact bearing on amount in controversy. Whether Plaintiff has previously represented himself in unrelated state-court proceedings is not a fact of consequence to whether the amount in controversy exceeds $75,000 in this defamation action. FED. R. EVID. 401.

> Defendants' selective use of the article is misleading and risks unfair prejudice. The full article contains Plaintiff's direct denial of the F-37 informant accusation. Defendants selectively excerpt the "successful pro se litigant" phrase while disregarding the substantive content of the article that supports Plaintiff's position. Even if the article were considered, Federal Rule of Evidence 106 (rule of completeness) and Rule 403 counsel that the article should be considered in full context rather than through selective excerpts.

> To the extent Defendants seek to rely on the article's content beyond Plaintiff's own quoted statement, the article is hearsay. Plaintiff acknowledges that his own quoted statement could be characterized as a statement of a party-opponent under Federal Rule of Evidence 801(d)(2). But the journalist's surrounding characterizations, descriptions of the panel, and accounts of other speakers are out-of-court statements by the article's author offered for their truth, for which Defendants have not established any applicable exception.

Plaintiff requests that the Court strike Exhibit 5, or in the alternative, that the Court disregard the exhibit or consider it only in its full context rather than through the selective excerpt offered in Defendants' opposition.

### D. Striking or Disregarding the Challenged Materials Will Allow the Court to Decide the Underlying Motion on Its Merits.

The decision on Plaintiff's Motion to Remand should rest on the actual jurisdictional record — the certified transcript of the April 29 call, the contemporaneous text messages, the McInnes and Reilly declarations addressing the value of injunctive compliance, and the legal arguments concerning the amount-in-controversy standard. Plaintiff's criminal history, the prosecutor's opinion about Plaintiff's fitness to carry a firearm, and the propensity arguments built on that material have no place in that record.

Striking or disregarding the challenged materials will permit the Court to decide the underlying motion on its merits without the prejudicial overhang of character evidence that has been introduced without proper foundation or legal basis.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (1) striking, or in the alternative disregarding, Exhibit 5 to Defendants' Opposition to Motion to Remand (ECF No. 18-5); (2) striking, or in the alternative disregarding, Exhibit 6 to Defendants' Opposition to Motion to Remand (ECF No. 18-6); and (3) striking, or in the alternative disregarding, paragraphs 10, 11, and 17 of the Declaration of Marc J. Randazza (ECF No. 18-3).

Respectfully submitted,

s/ Jason Kessler

Jason Kessler, *Pro Se*

1356 5th Avenue, Apt. 13

Huntington, WV 25701

Telephone: 571-460-0412

Email: jasonerickessler@gmail.com

Dated: May 18, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing Motion to Strike to be served upon the following by the methods indicated:

**Daniel P. Taylor, Esq.**

Taylor & Makricostas, PLLC

320 Penco Road, P.O. Box 2827

Weirton, WV 26062

*By electronic mail to* dtaylor@taymaklaw.com *and by United States Mail*


**Marc J. Randazza, Esq.**

Randazza Legal Group, PLLC

30 Western Avenue

Gloucester, MA 01930

*By electronic mail to* ecf@randazza.com

**David J. Reilly**

3710 N Carolwood Ct

Post Falls, ID 83854

*By United States Mail*

*Jason Kessler*

s/ Jason Kessler

Jason Kessler, *Pro Se*

Dated: May 18, 2026