UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

---------------------------------------------------------------x

JASON KESSLER,

                Plaintiff,

      -against-

GAVIN MCINNES AND DAVID J.
REILLY,

              Defendants.

---------------------------------------------------------------x

: Civil Action No. 3:26-cv-00317

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DENY STATEMENT OF VISITING ATTORNEY OF MARC J. RANDAZZA**

There is no basis to "strike" the Statement of Visiting Attorney Marc J. Randazza (ECF No. 5). The intent of this is appears to be an attempt to disqualify Randazza from defending Gavin McInnes. Plaintiff's Motion to Strike or Deny Statement of Visiting Attorney Marc J. Randazza (ECF No. 10) should, therefore, be denied.

At the outset, Mr. McInnes notes that motions to strike are governed by "Rule 12(f) of the Federal Rules of Civil Procedure, which applies only to pleadings as defined in Rule 7(a) and does not provide a mechanism for striking" other documents. *Simmons v. City of Hurricane*, No. 3:25-cv-00345, 2026 U.S. Dist. LEXIS 52472, at *6 (S.D. W. Va. Mar. 13, 2026). This alone is grounds to deny the motion.

However, out of an abundance of caution, McInnes will also address the attempt to disqualify his choice of defense counsel.

**1.0    Attorney Randazza Satisfied the Requirements of This Court**

An out of state attorney may become a visiting attorney in this District under L.R. 83.6(b). if they are in good standing of any applicable bar, associated with a sponsoring attorney, complete and file the Statement of Visiting Attorney, and pay the Visiting Attorney fee. L.R. 83.6(a) & (b). The Statement asks for contact information, the bar of which the visiting attorney is a member in

1

good standing, the name of the party, the identity of the sponsoring attorney, and a very specific certification from both the visiting and sponsoring attorneys.[1] Attorney Randazza did everything this Court asked of him and he, therefore, is properly appearing as a Visiting Attorney. *Compare Philips N. Am. LLC v. Probo Med., LLC*, No. 2:21-cv-00298, 2024 U.S. Dist. LEXIS 28663, at *103-04 (S.D. W. Va. Feb. 20, 2024) (noting five attorneys who filed statements were counsel without further action required).

**2.0    Disqualification is Drastic and is Not Warranted**

As Attorney Randazza is now admitted to practice as a Visiting Attorney, revocation of that admission constitutes a disqualification. *See Belue v. Leventhal*, 640 F.3d 567, 576-77 (4th Cir. 2011). "*[P]ro hac vice* attorneys should not be disqualified under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar." *Id.* (cleaned up). There is no valid reason to disqualify Randazza.

Sanctions and disqualification are extraordinary remedies reserved for conduct that abuses the judicial process and causes actual prejudice. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "Courts disfavor motions to disqualify as opposing parties may 'misuse . . . disqualification motions for strategic reasons.'" *Bucci v. Kent*, No. 2:22-cv-00604, 2024 U.S. Dist. LEXIS 19686, at *20 (S.D. W. Va. Feb. 5, 2024) quoting *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992). Rather, "[t]he drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel[.]" Shaffer, *supra.* "Accordingly, cases that grant disqualification are rare." *Grant Thornton, LLP v. FDIC*, 297 F. Supp. 2d 880, 882 (S.D. W. Va. 2004); *Grant Thornton, LLP v. FDIC*, 297 F. Supp. 2d 880, 882 (S.D. W. Va. 2004) (A party seeking disqualification

---

[1]    https://www.wvsd.uscourts.gov/sites/wvsd/files/forms/Statement%20of%20Visiting%20Attorney%20-%20Rev%2002-2025.pdf

2

"bears a high standard of proof to show that disqualification is warranted."); *Schiessle v. Stephens,* 717 F.2d 417, 420 (7th Cir. 1983) ("[D]isqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" (quoting *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721 (7th Cir. 1983))). Thus, the party seeking to disqualify another's counsel bears a "high standard of proof" to show disqualification is warranted. *Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir. 1978).

Plaintiff fails to even approach, much less meet, his burden.

Plaintiff raises two purported grounds to seek Attorney Randazza's disqualification: his past disciplinary history and his alleged actions relative to this case. Neither ground, independently nor combined, warrants disqualification.

## 2.1    Attorney Randazza's History is Not Disqualifying

Attorney Randazza has nothing to hide. This Court, for its own reasons, does not ask Visiting Attorneys about past disciplinary history and the Statement of Visiting Attorney has no mechanism for Attorney Randazza to make such disclosure. For other courts that make that inquiry, Attorney Randazza has always been fully forthcoming. Attached herewith is a declaration by Attorney Randazza ("Randazza Decl."), with exhibits, in the form he uses to seek *pro hac vice* admission to those courts that ask for past disciplinary history. *See* Randazza Decl. at ¶ 8. In disclosing this information to those Courts, Attorney Randazza has been admitted *pro hac vice* ten times in just the last two years, and he was only denied admission *pro hac vice* admission in the past where his discipline was fresh or where there were later-pending (ultimately dismissed) disciplinary charges. *Id.* at ¶¶ 12-13. Had this Court's form sought that information, Attorney Randazza would have provided it, and there is no reason to expect this Court would have denied *pro hac vice* admission on that basis. *Id.* at ¶ 7. Moreover, the non-disclosure violated no rule, and a past history of discipline offers no cause for the "drastic remedy" of disqualification where

Attorney Randazza is in good standing in five states and dozens of federal courts. He is admitted to the U.S. Court of Appeals for the Fourth Circuit and has appeared *pro hac vice* without incident in Federal Courts in this Circuit, including in the Eastern District of North Carolina[2], the Western District of North Carolina[3], the District of South Carolina[4], the Western District of Virginia[5], and in the District of Maryland[6].

Plaintiff then points to out of court statements by Attorney Randazza as grounds to disqualify him. Whatever out-of-court statements Attorney Randazza may have made about his disciplinary history, Plaintiff grossly exaggerated its importance Randazza called it "advertising." It is "advertising" in the sense that Attorney Randazza has used it as a cautionary tale in CLEs he has presented and that he understands more than other attorneys do the severity of any misstep, making him less likely than others to violate the rules of professional conduct. *See* Randazza Decl. at ¶ 4-5; **Exhibit 1**.

Attorney Randazza does not deny nor run from his prior discipline. He advanced $25,000 for a client for litigation expenses at 0% interest and neglected to put in writing a disclaimer that, before the client made a written promise to pay it back, the client should obtain independent counsel. It was an unintentional Rule 1.8 violation. And he had discussions about potentially representing (in the future) the then-adverse party (to further the then-current client's settlement interests) that would potentially result in third-party conflicts of interest for unknown individuals who might wish to hire Attorney Randazza was deemed, in a matter of first impression, to violate

---

[2] *Flying Dog Brewery, LLC v. The North Carolina Alcoholic Beverage Control Commission*, Case No. 5:21-cv-00343-BO.
[3] *Sycamore Brewing, LLC v. Stone Brewing Co., LLC*, Case No. 3:22-cv-00148-FDW-DSC.
[4] *Daryush Valizadeh v. Jane Doe*, Case No. 3:16-cv-03098-MGL.
[5] *Brennan M. Gilmore v. Alexander E. (Alex) Jones, et al.*, Case No. 3:18-cv-00017.
[6] *St. Michael's Media, Inc. v. The City of Baltimore, et al.*, Case No. 1:21-cv-02337-ELH.

Nev. R. Prof. Conduct 5.6. Nevertheless, Randazza stipulated to discipline in 2018 for conduct that occurred in 2012. He completed probation, and no further original discipline has been imposed. And, it is worth noting that, in reciprocal proceedings in Florida, which had its own independent bench trial, the Florida judge found that Attorney Randazza did not do anything "actually adverse" to his clients. Randazza Decl. at ¶ 15; **Exhibit 3**. Nor has he done anything in violation of any rule that impedes any other party's rights or the administration of justice.[7] Thus, disqualification for technical violations from 14 years ago is not appropriate.

### 2.2     Attorney Randazza has Comported Himself Appropriately

Second, Attorney Randazza has done nothing in this case that might warrant disqualification. Plaintiff harps on the fact that Attorney Randazza asked Plaintiff "or what" in response to a demand by Plaintiff. It is a natural question, one that any attorney should ask when a demand is made by an adversary, so they may advise their client as to the potential consequences of refusing the demand. Plaintiff may characterize it as "dismissive" (ECF No. 10 at 6), but it is not a violation of Rule 4.3 to be curt in a text message. Under W.V. R. Prof. Conduct 4.3, a lawyer may not state they are disinterested and must not give legal advice to certain unrepresented persons. It mirrors ABA Model Rule 4.3. Neither rule touches the "or what" question. While Attorney Randazza could have phrased his question as "What should I tell Mr. McInnes you will do if he declines your demand" asking "or what" accomplished the same. Being curt while texting is not an ethical violation. *Compare Coleman v. Home Health Resources, Inc.*, 2018 U.S. Dist. LEXIS 79958, at *25 (D. Ariz. May 11, 2018) ("rude emails are not a basis for sanctions.").

---

[7] Mr. Kessler is misrepresenting the *Sternberg* case. That case was not "Reopened;" it has been ongoing. More important—Attorney Randazza was neither sanctioned nor disciplined for his conduct in that case. *Sternberg v. Warneck*, No. 2:23-cv-01466-APG-EJY, 2025 U.S. Dist. LEXIS 183295 (D. Nev. Sep. 17, 2025) (denying motions for sanctions and discipline).

Neither did the April 29, 2026, call implicate an ethical violation. Under Fed. R. Evid. 408(a) evidence of offers of compromise are inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Rule 408 is commonly referred to as a "privilege[.]" *David v. En Pointe Prods., LLC*, 2023 U.S. Dist. LEXIS 161039, at *4 (E.D. Va. Sep. 11, 2023). Nevertheless, Attorney Randazza did not state that the discussion could not be used for any purpose; rather, he highlighted that they could not be used to prove or disprove a claim or defense.[8] ECF No. 17-2. And Attorney Randazza has kept his word; he is not using them to prove or disprove a claim or defense. Rule 408 allows settlement negotiations to be "considered 'to show the stakes' when determining whether the amount in controversy is met." *Gasper v. Swick & Son Maint. Specialists, Inc.*, 2021 U.S. Dist. LEXIS 80993, at *12 (N.D. W.Va. Apr. 28, 2021) (citing *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)). Again, Attorney Randazza made no misrepresentation of the law to Plaintiff and no violation of Rule 4.3 occurred.[9]

In the absence of any violation of any rule, there is no basis to disqualify him.

### 2.3    Plaintiff is Using Disqualification Strategically and to Harass

Disqualification motions are often abused "as a harassing or strategical tactic." *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 307 (D. Md. 1995). Such is not unexpected from Plaintiff.

The defense does not wish to increase the temperature here and generally considers the argument "consider the source" to be a weak one. However, here the Court should "consider the source" when considering the motion. Mr. Kessler has a history of acting improperly and then

---

[8] Plaintiff's purported transcription uses the nonsensical phrase "figure plan." It is apparent that the purported transcript was not created by a certified court reporter and contains numerous gibberish phrases.

[9] As to the scrivener's error on the date of the call, Attorney Randazza acknowledges it and apologizes for any confusion. No intentional misrepresentation was intended.

6

claiming himself the victim. In 2017, Mr. Kessler physically attacked James Justin Taylor. He then ran to the police and claimed that his victim had attacked him. After that, not only was Kessler himself convicted of assault and battery, but then was charged with perjury. ECF No. 18-6. It appears he only escaped the perjury charges because the prosecutor brought the perjury charge in the wrong county. *Id.*

Mr. Kessler's history of attacking then claiming victim status is again afoot here. He attempts to paint himself as a dilettante who is unfamiliar with the legal system. However, he omits that he very familiar with litigation. *See, e.g., Sines v. Kessler*, 324 F. Supp. 3d 765 (W.D. Va. 2018); *Kessler v. City of Charlottesville*, 441 F. Supp. 3d 277 (W.D. Va. 2020).

It is a frequent tactic by unethical parties to attack a defendant's right to choose their counsel. He still has a right to litigate this case, but he is doing so the same way he has tried to manage his other legal affairs – by creating conflict and then claiming he is the victim when met with resistance.

## 3.0    Conclusion

The Court should have no concerns about Attorney Randazza's conduct in this case, up to this point or thereafter. It should however be prepared that no matter who represents the defendants in this matter, Mr. Kessler will continue to accuse them of whatever he can to deflect from his own conduct. Nevertheless, to whatever extent the Court is concerned that Mr. Randazza may need any counsel as to how to comport himself in the Southern District of West Virginia, he has able local counsel and his conduct and professionalism will be policed at every step by the Sponsoring Attorney.

WHEREFORE Plaintiff's motion to strike should be DENIED.

Dated: May 19, 2026.

_____

Daniel P. Taylor (Bar No. 5821)
TAYLOR & MAKRICOSTAS, PLLC
320 Penco Road
Weirton, WV 26062
Tel:    304-723-9670
Fax:    304-723-9674
Email: dtaylor@taymaklaw.com

Respectfully Submitted,

/S/MARC RANDAZZA_____

Marc Randazza (*Pro Hac Vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel:    978-801-1776
Email: ecf@randazza.com

*Attorneys for Defendant Gavin McInnes*

8

## PROOF OF SERVICE

I hereby certify that on the _19th_ day of _MAY_, 2026, I electronically filed the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR DENY STATEMENT OF VISITING ATTORNEY OF MARC J. RANDAZZA with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Parties of record.

Additionally, the foregoing Notice was also sent to Plaintiff via USPS Regular Mail at the following address: 1365 5th Avenue, Apt. 13, Huntington, West Virginia 25701.

DANIEL P. TAYLOR, ESQ. (WV#5821)
Taylor & Makricostas, PLLC
320 Penco Road
P.O. Box 2827
Weirton, West Virginia 26062
Telephone:  304-723-9670
Facsimile:  304-723-9674
E-mail:  dtaylor@taymaklaw.com