UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

```
-------------------------------------------------------x
JASON KESSLER,                              :
                          Plaintiff,        :    Civil Action No. 3:26-cv-00317
                                            :
          -against-                         :
                                            :         DEFENDANT MCINNES'
GAVIN MCINNES AND DAVID J.                  :      OPPOSITION TO MOTION TO
REILLY,                                     :    PLAINTIFF'S SECOND MOTION
                                            :        FOR CM/ECF ACCESS
                          Defendants.       :
-------------------------------------------------------x
```

## 1.0    FACTUAL BACKGROUND

Plaintiff commenced this action by filing a pro se complaint in the Circuit Court of Cabell County, West Virginia. ECF 1-2. The defendants removed to this Court. ECF 1. Since then, the pro se plaintiff has done everything in his power to run up the docket in this Court, using what appears to be artificial intelligence generated voluminous pleadings including two motions to strike and an attempt to disqualify counsel. He even points out his prolific filings in his latest motion. See ECF 23 at 5. Further, he admits a plan to continue flooding the docket with what can only be impertinent and wasteful filings. ECF 23 at 6.

He sought ECF filing privileges. ECF 11. The Court denied that request. ECF 15. Kessler now asks for it again in ECF 23. Defendant believes that based upon the conduct in excessive filings herein, Kessler should not only be denied ECF access, but should be subject to an Order that limits his filings.

## 2.0    LEGAL STANDARDS

Federal courts have inherent powers to manage their cases. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). This includes the power to refuse to allow a pro se litigant

to have ECF access, when that party has shown a propensity to abuse the privilege. *See Stebbins v. Joshua Moon & Lolcow LLC*, 2025 U.S. Dist. LEXIS 18137, at *3 (S.D. W. Va. Jan. 27, 2025) ("the undersigned Plaintiff's request must be denied as the Court must protect itself and the orderly administration of its docket from Plaintiff's well-documented history of abusive filings. Thus, the undersigned FINDS under the circumstances that Plaintiff has not shown good cause justifying a departure from the Court's pro-se filing policy").

The Court's inherent power can be used to sanction bad faith conduct that abuses the legal process. *Am. Sci. and Engr., Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 623 (E.D. Va. 2008). The Fourth Circuit has seen fit to use this power to order sanctions against pro se litigants. *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 389 (D. Md. 2014). The Court properly uses this power when it does so in order to ensure that litigation proceeds in an orderly manner. *See Leekley-Winslow v. Fairview Health Servs.*, 2019 U.S. Dist. LEXIS 124910, at *3 (D. Minn. July 26, 2019) (restricting a pro se litigant's ability to continue to bring order to a docket).

The use of AI to produce inaccurate or fictitious case citations in legal briefs places an undue burden on the court and opposing parties. *Tobler v. Tobler*, No. 25-13384, 2026 U.S. Dist. LEXIS 101464, at *5 (E.D. Mich. May 7, 2026) ("Courts and opposing parties are burdened by the careless use of AI by **pro se** filers"). In addition to wasting judicial resources, the use of artificial intelligence to generate legal arguments without meaningful review "jeopardizes the rule of law." *Couvrette v. Wisnovsky*, 2025 U.S. Dist. LEXIS 273533, at *24 (D. Or. Dec. 12, 2025). Although pro se litigants are not typically held to the same standards as attorneys, this does not excuse them from the careless use of AI. *Simpson v. Portfolio Recovery Assocs., LLC*, 2025 U.S. Dist. LEXIS 262777, at *16 n.6 (W.D. Va. Dec. 19, 2025). The Fourth Circuit has seen fit to

sanction pro se litigants for such actions. *Almudhafer v. Spotsylvania Volunteer Rescue Squad*, Civil Action No. 3:25CV1057, 2026 U.S. Dist. LEXIS 2968, at *2 n.3 (E.D. Va. Jan. 7, 2026).

## 3.0  ARGUMENT

To be clear, no actual sanctions are sought here. The Court should not punish Mr. Kessler, but should look to his past conduct, the conduct he declares that he intends to continue to engage in, and issue an order to limit his filings.

This matter has not even gotten to the responsive pleading stage, and the docket is up to ECF 24, with at least three more of Kessler's filings requiring a response. ECF 9, ECF 19 & ECF 23. Kessler even declares an intention to continue this level of conduct. ECF 23 at 6 (proclaiming an intent to file 15 to 25 more filings over the next 60 to 90 days). Mr. Kessler has declared an intent to run up the docket and the defense costs by rushing out voluminous apparently AI generated filings that the Defendants need to respond to, lest they waive the opportunity. There are already two motions to strike, which appear to be filed to harass. AI generated documents are often rife with false citations, further increasing the burden on the parties and presumably the Court's clerks, to ensure the citations are accurate. Accordingly, Kessler should not be granted ECF access, and his current access should be limited.

AI generated filings have the potential for inaccuracies. ("[S]ubmitting a filing containing false citations—whether created by generative **artificial intelligence** or not—is unacceptable). This "causes an enormous waste of judicial resources." *Simpson v. Portfolio Recovery Assocs., LLC*, 2025 U.S. Dist. LEXIS 262777, at *16 n.6 (W.D. Va. Dec. 19, 2025); *Powhatan Cnty. Sch. Bd. v. Skinger*, 2025 U.S. Dist. LEXIS 104564 at*10 (E.D. Va. June 2, 2025); *see also Boger v. City of Harrisonburg*, 2025 U.S. Dist. LEXIS 254603, at *2 (W.D. Va. Dec. 9, 2025) (same).

To date, Plaintiff has cited to real cases, but the partial holdings are either inaccurate, misleading, or misapplied in the manner Plaintiff hopes to use them. A pro se litigant relying on AI to conduct research and draft his motions, then submitting them with inaccurate citations is a problem that requires correction, not the reward of greater access. *Almudhafer*, 2026 U.S. Dist. LEXIS 2968 at *2 n.3 ("[The Court] and it respectfully proposes that the time may be near for an exception to the *Erickson* liberal-construction rule, where a *pro se* individual relies on AI to draft pleadings and thus blurs the line between what is a good faith *pro se* assertion of an actionable claim and what is a computer generated morass that only serves to waste court time and resources.)

## 4.0    RELIEF CONCLUSION

The Court should deny the motion seeking ECF access. Kessler has already declared that he will abuse it.

The defense also requests this Court order Plaintiff to first, seek pre-approval before filing anything further with the court at least until the motion for remand is decided. When there is a mere removal and motion for remand, the docket should be in the mid-single digits, not 24 and counting. In the alternative, McInnes requests that the Court relieve him of the need to respond to anything Kessler files unless the Court requests a response.

For any filings in the future, that Kessler should be compelled to serve a copy of each case he cites, highlighting the language that he quotes or relies on, in order to remove the continued misuse of generative AI. *See Kruglyak ly Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 773 (W.D. Va. 2025) (ordering pro se litigant to identify any cases cited that are a product of legal research using generative AI and placing him responsible for verifying their accuracy. Additionally, Litigant was cautioned that if he failed to do so, he would be subject to being held in contempt of court and losing his ability to proceed pro se in the matter.)

This relief will bring help ensure the orderly administration of justice.

Dated: May 20, 2026.

_____
Daniel P. Taylor (Bar No. 5821)
TAYLOR & MAKRICOSTAS, PLLC
320 Penco Road
Weirton, WV 26062
Tel:    304-723-9670
Fax:    304-723-9674
Email: dtaylor@taymaklaw.com

Respectfully Submitted,

/S/MARC RANDAZZA_____
Marc Randazza (*Pro Hac Vice*)
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel:    978-801-1776
Email: ecf@randazza.com

*Attorneys for Defendant Gavin McInnes*

-5-

## PROOF OF SERVICE

I hereby certify that on the _20th_ day of _May_____, 2026, I electronically filed the foregoing DEFENDANT MCINNES' OPPOSITION TO MOTION TO PLAINTIFF'S SECOND MOTION FOR CM/ECF ACCESS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Parties of record.

Additionally, the foregoing Notice was also sent to Plaintiff via USPS Regular Mail at the following address: 1365 5th Avenue, Apt. 13, Huntington, West Virginia 25701.

DANIEL P. TAYLOR, ESQ. (WV#5821)
Taylor & Makricostas, PLLC
320 Penco Road
P.O. Box 2827
Weirton, West Virginia 26062
Telephone:  304-723-9670
Facsimile:  304-723-9674
E-mail:  dtaylor@taymaklaw.com

-6-