UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

```
------------------------------------------------------------x
JASON KESSLER,                          :
                                        :   Civil Action No. 3:26-cv-00317
                       Plaintiff,       :
                                        :
Vs.                                     :
                                        :           OPPOSITION TO
GAVIN MCINNES AND DAVID J.              :     PLAINTIFF'S MOTION TO
REILLY,                                 :        STRIKE EXHIBITS
                                        :        5, 6, AND PARTS OF
                       Defendants.      :       MARC J. RANDAZZA'S
                                        :           DECLARATION
------------------------------------------------------------x
```

## 1.0   INTRODUCTION

Plaintiff Jason Kessler's second Motion to Strike (ECF 19) is procedurally improper and substantively unsupported. Rule 12(f) applies to "pleadings." "Pleadings" are not motion papers or exhibits attached to them. The evidentiary objections Plaintiff seeks to strike under 12(f) are substantively meritless: the challenged materials are not character evidence offered for propensity; they are offered for non-propensity purposes directly relevant to the amount-in-controversy question before this Court and to Plaintiff's own affirmative arguments about Defendants' counsel.

Underneath all of this, the motion to strike is a procedural maneuver to avoid the substantive deficiencies of Plaintiff's underlying Motion to Remand. Plaintiff misreads *Dart Cherokee Basin Operating Co. v. Owens*, and in doing so, makes it clear that the motion to remand must be denied. 574 U.S. 81 (2014).

## 2.0   Legal Standard

### 2.1   Rule 12(f) Is Limited to Pleadings.

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

1

P. 12(f) (emphasis added). The word "pleading" is defined by Rule 7(a), which enumerates exactly seven categories: a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and (if ordered) a reply to an answer. Fed. R. Civ. P. 7(a). Motions are not pleadings. Exhibits attached to motions are not pleadings. Declarations submitted in support of motions are not pleadings.

### 2.2    The Remand Inquiry Considers the Entire Record.

Plaintiff's motion principally rests on Federal Rules of Evidence 401, 403, 404, 801, and 803(8). But the question before the Court on the underlying Motion to Remand is not whether the challenged materials would be admissible at trial. The question is whether Defendants have shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Dart Cherokee*, 574 U.S. at 88. In conducting that inquiry, courts consider the full record bearing on the value of the claim, including declarations, discovery materials, demand letters, settlement positions, and other materials that go to amount in controversy. *Id.*

### 3.0    Argument

### 3.1    Rule 12(f) Does Not Encompass the Challenged Materials.

Plaintiff's motion targets a *declaration* (Randazza's Declaration, ECF No. 18-3) and *exhibits* (ECF Nos. 18-5 and 18-6). Neither is a pleading. Under Rule 7(a), Rule 12(f) has no application here. Plaintiff invokes the Court's "inherent authority" as an alternative basis, but inherent authority is not a license to import the substantive standards of Rule 12(f) into territory the Federal Rules deliberately excluded.

Even if *hypothetically* Rule 12(f) reached this material, the motion would still fail.

In *Broadrick v. Gilroy,* a party sought to strike "unnecessary and clearly inflammatory" allegations. 786 F. Supp. 3d 487, 492 (D. Conn. 2025). The court held that "courts should not

2

tamper with the pleadings unless there is a strong reason for so doing," and that material with any relationship to the claims or defenses is not subject to being struck under Rule 12(f). *Id.* (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)); *see also Smothermon v. Hodge*, 2026 U.S. Dist. LEXIS 101293, __ F.Supp.3d __, 2026 WL 1256823, at *3-4 (D. Nev. May 5, 2026) (denying motion to strike where there was no material prejudice to the moving party); *Glover v. Witherspoon*, 350 F.R.D. 70, 73 (E.D.N.C. 2025) ("[m]otions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party").

### 3.2 The Challenged Materials Are Admissible

Plaintiff's motion is principally an evidentiary objection invoking Rules 401, 403, 404, 801, and 803(8). Defendants address each on its merits.

#### 3.2.1 Rule 404 does not bar the challenged materials because they are not offered for propensity.

Rule 404(a)(1) prohibits character evidence offered "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The rule does not prohibit evidence of past conduct offered for any other purpose. Fed. R. Evid. 404(b)(2) ("[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). The challenged materials are offered for three non-propensity purposes addressed in Section 3.2.3: (i) to demonstrate that Plaintiff is an experienced federal-court litigant not entitled to the wide latitude typically afforded to a first-time pro se filer; (ii) to rebut Plaintiff's allegation that Defendants' counsel exploited his lack of legal knowledge; and (iii) to bear on Plaintiff's credibility as the sole source of factual narrative in this case. None of those purposes is propensity reasoning.

3

### 3.2.2    Rule 403 favors admission, not exclusion.

"Unfair prejudice" within the meaning of Rule 403 means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note). Evidence is not "unfairly prejudicial" merely because it is unfavorable to a party's position.

> **3.2.3**    Rule 403 permits exclusion of relevant evidence only where its probative value is "substantially outweighed" by enumerated dangers, including unfair prejudice. But Plaintiff's invocation of Rule 403 conflates "unfavorable" with "unfairly prejudicial." As the Fourth Circuit held, "[b]ecause the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). **The hearsay and incompleteness objections fail.**

Plaintiff's objection that the Hingeley Affidavit is hearsay overlooks the non-hearsay purposes for which it is offered. See ECF No. 18-6. The affidavit is offered to establish that *Defendants' counsel was aware of certain facts about Plaintiff at the time of the April 29 call.* And these facts informed counsel's evaluation of Plaintiff's representations during that call. This means that this evidence is offered for its effect on the listener, not for the truth of the matter asserted. Fed. R. Evid. 801(c) (defining hearsay as offered for truth). The Court may presume that every word in the Hingeley Affidavit is false. What is important is that Randazza believed the facts in it to be true, and governed himself accordingly.

Plaintiff's incompleteness objection fares no better: any incompleteness goes to weight, not admissibility, and is a question for the Court's evaluation rather than a ground to strike the document outright.

As to Exhibit 5 to Defendant McInnes Opposition to Plaintiff's Motion for Remand (the *American Free Press* article), Plaintiff's own quoted statement that he is a "successful pro se

litigant" is a statement of a party-opponent under Rule 801(d)(2)(A) and not hearsay at all. Plaintiff acknowledges as much in his own motion. Mot. at 6; see ECF No. 18-5. The Rule 106 completeness objection is improper at this stage: Rule 106 governs admission at trial, not motion practice. To the extent Plaintiff contends the article should be considered "in full context," Defendants have no objection to the Court considering the full article rather than the single quoted sentence.

### 3.3    The Challenged Materials Are Probative of Three Distinct Issues.

The challenged materials are not character evidence offered to suggest Plaintiff acted in conformity with past conduct. They are offered for three specific, non-propensity purposes, each of which bears on questions actually before the Court.

#### 3.3.1    Plaintiff's status as an experienced pro se litigant defeats the liberal-construction presumption typically afforded to first-time pro se filers.

Courts construe pro se filings liberally because pro se litigants are presumed to lack legal knowledge. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That presumption is rebuttable. Where a pro se litigant has substantial prior experience in federal court, "it is appropriate to charge [him] with knowledge of, and therefore withdraw special status in relation to, particular requirements [of the legal system] with which he is familiar as a result of his extensive prior experience in the courts." *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009) (per curiam); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) ("it is certainly possible that a pro se litigant may be sufficiently experienced as to justify a court affording him only minimal solicitude"). Plaintiff is, by his own published account, a "successful pro se litigant" with "many years" of "legal combat." ECF No. 18-5. He has been a plaintiff or defendant in multiple federal civil actions and has litigated in state criminal proceedings. ECF No. 18-6. These materials are offered not say anything about the plaintiff's character, but to inform the

Court's calibration of the latitude appropriate to his status. That calibration must be accurate. These materials hone that accuracy. Kessler is an experienced and sophisticated litigant, due very little deference or grace as a pro se litigant.

### 3.3.2    Plaintiff put his own legal sophistication at issue.

Plaintiff states in his Motion to Remand and accompanying filings that he feared being "taken advantage of" by defense counsel because of his lack of legal knowledge during the April 29, 2026, call. ECF No. 1. Once Plaintiff places his lack of knowledge at issue as an affirmative argument, his actual level of knowledge becomes directly relevant, as does his experience in the perjury process. Defendants are entitled to rebut Plaintiff's affirmative representation. A party who introduces a subject cannot then complain when the opposing party responds to it. The Federal Rules of Evidence codify that principle in multiple contexts. See Fed. R. Evid. 404(a)(2)(B) (when a defendant offers character evidence of an alleged victim, the prosecutor may offer rebuttal evidence); Fed. R. Evid. 106 (when one party introduces part of a writing or recorded statement, the opposing party may require introduction of any other part "that in fairness ought to be considered at the same time"); Fed. R. Evid. 608(b) (specific instances of conduct probative of truthfulness become relevant once witness credibility is at issue).

Mr. Randazza's understanding of Plaintiff's level of sophistication at the time of the April 29 call is material to whether Mr. Randazza's actions could have "taken advantage of" of Plaintiff. Randazza's Declaration recites Mr. Randazza's understanding of Plaintiff's experience, including that Mr. Randazza believed he was dealing with "a highly sophisticated litigant who knew the system." Randazza Decl. ¶13, ECF No. 18-3. That belief is contemporaneous, relevant, and responsive to Plaintiff's own affirmative claim. The foundation upon which it is based is not only proper for the Court to consider, it is necessary.

6

### 3.3.3   Plaintiff's credibility is centrally at issue because Plaintiff is the principal source of his own factual narrative.

Plaintiff's case rests substantially on his own representations: his transcription of the April 29 call, his characterization of what was said, and his account of Defendants' counsel's conduct. Where a party is the principal witness to the underlying events, his credibility is at issue. Plaintiff's documented history — including the incident where Plaintiff attacked someone and then falsely accused the victim of being the aggressor is important to know when evaluating his credibility, not on whether he committed a particular act in this case. Fed. R. Evid. 608(b) (specific instances of conduct probative of truthfulness or untruthfulness may be inquired into on cross-examination); *id.* advisory committee's note (explaining that Rule 608(b) inquiry extends to specific instances "probative of truthfulness or its opposite").

Plaintiff's pleadings in this very case include baseless accusations against Defendants' counsel and against the Defendants themselves. Where Plaintiff has, in the past, attacked another person and then lied about which party was the aggressor, that history is probative of the credibility of his current narrative.

### 3.4   The Underlying Motion to Remand Should Be Denied Because Plaintiff Misreads *Dart Cherokee*

The Court need not reach the underlying merits of the remand motion to deny the Motion to Strike. But because Plaintiff's invocation of *Dart Cherokee* is materially incorrect, and because that misreading colors the entire motion, Defendants address it briefly here.

Plaintiff cites *Dart Cherokee,* for the proposition that "the party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of competent evidence." 574 U.S. at 89; Mot. at 2. That is not what *Dart Cherokee* held. The Supreme Court's actual holding is the opposite of Plaintiff's framing:

7

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff *contests*, or the court *questions*, the defendant's allegation.

*Dart Cherokee*, 574 U.S. at 89 (emphasis added). The structure is plain. A removing defendant's notice of removal need contain only a *plausible* allegation. Evidence is required only *after* the plaintiff contests the allegation or the court questions it. At that point, *Dart Cherokee* itself says it is decided "under a preponderance standard." *Id.* Defendants' Notice of Removal made the requisite plausible allegation. Notice of Removal, ECF No. 1, ¶ 6. Plaintiff contested it, without actually denying the amount in controversy. But he contested it enough to open the evidentiary inquiry. The relevant question is whether Defendants have shown, by a preponderance, that the amount in controversy exceeds $75,000. They have.

### 3.4.1    Plaintiff has refused to stipulate to damages below $75,000.

On May 7, 2026, defense counsel reached out to Plaintiff by text message and asked whether he would stipulate that the amount in controversy in this case is less than $75,000. Plaintiff refused. He further refused to make *any* statement regarding whether the amount in controversy is above or below $75,000. ECF 18-3 ¶ 21-23. Plaintiff's refusal to disclaim damages above the threshold is itself evidence supporting jurisdiction. This Court evaluates amount in controversy under the preponderance-of-the-evidence standard, considering a number of factors in a judicial valuation of the case. *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001); *see also Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D.W. Va. 1999). Plaintiff's refusal to disclaim damages above the threshold is one such factor the Court may consider alongside the other indicia of amount in controversy discussed below.

### 3.4.2    The substance of Plaintiff's own demands and the certified transcript he himself submitted establish the threshold is met.

The certified transcript of the April 29, 2026, call, on which Plaintiff principally relies, includes the following exchanges relevant to amount in controversy:

- "Jason Kessler: So I mean, that's [$75,000] a, a base starting point. There's a floor for you right there." ECF No. 17-2 at 4:12[1].

- "Jason Kessler: And that, that's, that's the minimum. I'm not saying that's what I'm angling for. All I'm saying is that anything under that is kind of an insult." ECF No. 17-2 at 6:20-21.

- "Jason Kessler: Uh, yeah, but I didn't say 75,000. I just said that's the minimum." ECF No. 17-2 at 8:23.

- "Jason Kessler: And, and I ba-- and as far as the apology, I want him to have me on his program to understand the true, uh, story of what happened at Unite the Right, to apologize to me for his statements, and to tell the public audience, I was wrong, Kessler is not a bad actor." ECF No. 17-2 at 7:1-3.

- "Jason Kessler: Yes. And tell the public that I was a good faith actor, uh, and he did not understand. Uh, he was basing his, uh, views on, uh, whatever the conspiracy theories that are out there." ECF No. 17-2 at 7:8-10.

Plaintiff has now scrambled to modify his injunctive relief request, ECF No. 21, presumably to reduce its valuation for amount-in-controversy purposes. That post-removal maneuvering is itself indicative — and, in any event, is unavailing: amount in controversy is evaluated as of the time of removal, not as it may be reshaped thereafter. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938).

Plaintiff has, once again, established the amount in controversy exceeds $75,000 by demanding broad injunctive relief, by refusing to disclaim damages above the threshold, and by

---

[1] Page references to ECF No. 17-2 refer to the ECF page numbers not the transcript page numbers.

9

making representations during the underlying call that confirm the scale of relief he intends to pursue. The Motion to Remand will fail on the merits when the Court reaches it.

## 4.0    CONCLUSION

Defendants respectfully request that the Court (1) deny Plaintiff's Motion to Strike or Disregard Exhibits 5 and 6 and Portions of the Declaration of Marc J. Randazza in its entirety, and (2) consider the full record in deciding the underlying Motion to Remand.

Dated: May 21, 2026.                                              Respectfully Submitted,

_____

Daniel P. Taylor
TAYLOR & MAKRICOSTAS PLLC
320 Penco Road
Weirton, WV 26062
Tel: 304-723-9670
Email: dtaylor@taymaklaw.com

*/s/ Marc J. Randazza*
Marc Randazza, (*Pro Hac Vice* forthcoming)
RANDAZZA LEGAL GROUP, PLLC
30 Western Ave.
Gloucester, MA 01930
Tel:    702-420-2001
Email:  mjr@randazza.com

*Attorneys for Defendant Gavin McInnes*

## PROOF OF SERVICE

I hereby certify that on the _21st_ day of ___MAY___, 2026, I electronically filed the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS 5, 6, AND PARTS OF MARC J. RANDAZZA'S DECLARATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Parties of record.

Additionally, the foregoing Notice was also sent to Plaintiff via USPS Regular Mail at the following address: 1365 5th Avenue, Apt. 13, Huntington, West Virginia 25701.

DANIEL P. TAYLOR, ESQ. (WV#5821)
Taylor & Makricostas, PLLC
320 Penco Road
P.O. Box 2827
Weirton, West Virginia 26062
Telephone: 304-723-9670
Facsimile: 304-723-9674
E-mail: dtaylor@taymaklaw.com

11