

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASON KESSLER,

      Plaintiff,

v.                                                                    Case No. 3:26-cv-00317

GAVIN MCINNES and
DAVID J. REILLY,

      Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE OR

## DENY STATEMENT OF VISITING ATTORNEY

## I. INTRODUCTION

Plaintiff Jason Kessler, appearing pro se, respectfully submits this Reply in support of his Motion to Strike or Deny Statement of Visiting Attorney (ECF No. 10). Defendants' Opposition (ECF No. 25) and the accompanying Declaration of Marc J. Randazza (ECF No. 25-1) do not refute the concerns raised in the Motion. To the contrary, Mr. Randazza's own sworn Declaration confirms the disciplinary pattern the Motion describes, and the Opposition's reliance on improper character argument illustrates the very conduct that prompted the Motion.

At the outset, Plaintiff clarifies the relief he seeks and the standard that governs it. Plaintiff does not seek to disqualify counsel already admitted to this case, because Mr. Randazza has not been admitted. In its Order of May 8, 2026, this Court expressly "defer[red] ruling on the proposed order at ECF No. 7 pending further briefing." (ECF No. 15.) The proposed order at ECF No. 7 is the mechanism by which Mr. Randazza's visiting-attorney admission would be approved, and the Court has not approved it. The question before the Court is therefore the antecedent,

discretionary question whether to grant admission — not the separate and more demanding question whether to revoke an admission already granted.

Plaintiff is not an attorney and does not himself seek admission to anything. He is a self-represented litigant raising good-faith concerns about the fitness of an out-of-state attorney — who, by his own sworn account, has been denied admission by three other courts and disciplined or subjected to reciprocal discipline by a state supreme court and numerous other state and federal authorities — to receive the discretionary privilege of admission in this case. Mr. Randazza's Declaration suggests that only an adversary who is afraid of his representation, or who lacks confidence in his own abilities, would raise his disciplinary history. (Randazza Decl. ¶ 4.) Plaintiff raises that history not out of fear, but because it is — by Mr. Randazza's own sworn submission — directly relevant to the discretionary decision the Court must make.

## II. THE GOVERNING STANDARD IS THE COURT'S DISCRETION TO GRANT ADMISSION, NOT THE STANDARD FOR DISQUALIFYING ADMITTED COUNSEL

### A. The Court Has Not Yet Admitted Mr. Randazza.

Defendants' Opposition repeatedly asserts that Mr. Randazza "is now admitted to practice as a Visiting Attorney." (ECF No. 25 at 4.) That assertion cannot be reconciled with this Court's own Order. On May 8, 2026, the Court stated that it "defers ruling on the proposed order at ECF No. 7 pending further briefing." (ECF No. 15.) The proposed order at ECF No. 7 is the order that would approve Mr. Randazza's appearance as a visiting attorney. The Court deferred ruling on it for the express purpose of receiving briefing on Plaintiff's Motion. Mr. Randazza's admission is thus pending — not complete — and the present briefing is the very briefing the Court ordered before it rules.

### B. Defendants' Authorities Address Disqualification of Admitted Counsel, Not the Discretionary Decision Whether to Admit.

Because Mr. Randazza has not been admitted, the authorities on which the Opposition relies are inapposite. Every case the Opposition cites for the proposition that the relief sought is "drastic," "rare," and subject to a "high standard of proof" addresses the disqualification or revocation of counsel already participating in a case. The Opposition's lead authority is illustrative: the

Opposition quotes *Belue v. Leventhal* for the proposition that "[p]ro hac vice attorneys should not be disqualified under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar." (ECF No. 25 at 2.) That proposition, by its own terms, concerns the disqualification of pro hac vice attorneys — the removal of an attorney from a case in which the attorney is already participating. It does not address the antecedent question presented here: whether the Court should, in its discretion, grant admission in the first instance.

The decision whether to grant pro hac vice admission is committed to the sound discretion of the Court. That discretion is broad, and its exercise does not require the movant to satisfy the demanding standard applicable to stripping an attorney of an admission already conferred. Plaintiff does not ask the Court to disqualify anyone. Plaintiff asks the Court to exercise the discretion it expressly reserved in its May 8 Order by declining to approve the proposed order at ECF No. 7.

### C. Rule 12(f) Is Not the Basis for the Relief Sought.

Defendants also argue that Federal Rule of Civil Procedure 12(f) authorizes the striking only of pleadings, and not of a Statement of Visiting Attorney. (ECF No. 25 at 1.) Plaintiff does not rely on Rule 12(f). The Motion is captioned a Motion to Strike or Deny the Statement of Visiting Attorney, and its substance — as both the Motion and this Reply make clear — is an objection to the discretionary admission of Mr. Randazza. The Court's authority to grant, deny, or condition a visiting attorney's admission arises from Local Rule of Civil Procedure 83.6 and from the Court's inherent authority over the attorneys who appear before it; it does not depend on Rule 12(f). To the extent the word "strike" in the Motion's caption invites a Rule 12(f) objection, Plaintiff confirms that the operative relief he seeks is an order declining to approve the proposed order at ECF No. 7.

### III. MR. RANDAZZA'S OWN SWORN DECLARATION ESTABLISHES THE DISCIPLINARY PATTERN PLAINTIFF'S MOTION DESCRIBES

Mr. Randazza has submitted a sworn Declaration disclosing his disciplinary history "so the Court may come to it's [sic] own conclusion." (Randazza Decl. ¶ 8.) Plaintiff takes Mr. Randazza at his

word and asks the Court to do exactly that. By Mr. Randazza's own sworn account, the Declaration establishes the following.

### A. Mr. Randazza Has Been Denied Pro Hac Vice Admission by Three Courts.

Mr. Randazza's Declaration admits three prior denials of pro hac vice admission. He was denied admission in the United States District Court for the Southern District of New York "while a disciplinary proceeding was pending." (Randazza Decl. ¶ 12.) He was denied admission in the Connecticut Superior Court "while disciplinary proceedings . . . were pending." (*Id.* ¶ 13.) And he was denied admission in the Texas District Court of Travis County, as to which Mr. Randazza states: "No reason was provided by that Court for that denial." (*Id.*)

The Opposition asserts that Mr. Randazza was "only denied admission pro hac vice in the past where his discipline was fresh or where there were later-pending (ultimately dismissed) disciplinary charges." (ECF No. 25 at 3.) Mr. Randazza's own Declaration does not support that characterization: by his sworn account, the Texas court provided no reason at all for its denial. Whatever the explanation for each individual denial, the fact salient to the discretionary decision before this Court is that three courts have already declined to admit Mr. Randazza pro hac vice. This Court is being asked to be the next court to rule on that question.

### B. Mr. Randazza Has Been Disciplined, and Subjected to Reciprocal Discipline, Across Numerous Jurisdictions.

Mr. Randazza's Declaration further establishes that he was disciplined by the Supreme Court of Nevada in 2018, resulting in a twelve-month suspension stayed for eighteen months. (Randazza Decl. ¶ 16.) Reciprocal discipline followed in at least four states — Arizona, Florida, Massachusetts, and California (*id.* ¶ 20) — and in at least three federal authorities: the United States District Court for the District of Massachusetts, the United States District Court for the Southern District of Florida, and the United States Patent and Trademark Office (*id.* ¶ 22). The United States District Court for the District of Nevada imposed "a brief active suspension," which expired on April 10, 2020, and from which Mr. Randazza was reinstated on June 9, 2020. (*Id.* ¶ 23.) As a condition associated with that discipline, California required Mr. Randazza to retake the Multistate Professional Responsibility Examination. (*Id.* ¶ 21.)

**C. The Cumulative, Sworn Record Is Directly Relevant to the Court's Discretionary Decision.**

Plaintiff does not contend that any single item in this history categorically bars Mr. Randazza from the practice of law. He plainly practices widely, and the Opposition is correct that he has been admitted pro hac vice in numerous matters. Plaintiff's point is narrower and is addressed to the Court's discretion: the cumulative, sworn record — three prior pro hac vice denials, discipline by a state supreme court, reciprocal discipline across at least four states and three federal authorities, an active federal-court suspension, and a court-associated re-examination in professional responsibility — is information directly relevant to whether this Court should exercise its discretion to grant admission in this particular case.

Mr. Randazza states that, had this Court's form requested his disciplinary history, he "would have provided it." (Randazza Decl. ¶ 7.) Plaintiff accepts that representation. The consequence is simply that the history is now properly before the Court, by Mr. Randazza's own submission, and the Court may weigh it. The question is not, as the Opposition frames it, whether non-disclosure "violated a rule." The question is whether, with the full history now disclosed, the discretionary balance favors admission. Plaintiff respectfully submits that it does not.

## IV. MR. RANDAZZA'S CONDUCT IN THIS CASE CONFIRMS PLAINTIFF'S CONCERN

### A. The Representation Concerning the April 29, 2026 Telephone Call.

The Opposition concedes that, during the recorded April 29, 2026 telephone call, Mr. Randazza told Plaintiff that settlement discussions "could not be used to prove or disprove a claim or defense." (ECF No. 25 at 6.) The Opposition contends that Mr. Randazza "has kept his word" because he uses the call only to "show the stakes" for amount-in-controversy purposes, and not to prove or disprove a claim or defense. (Id.)

That distinction does not withstand scrutiny. Amount in controversy is an element of federal subject-matter jurisdiction under 28 U.S.C. § 1332(a). Defendants' Notice of Removal (ECF No. 1) relies on Plaintiff's statements during the April 29 call as the basis for the jurisdictional showing. To use the call to establish the amount in controversy is to use it to prove the claim of

federal jurisdiction — precisely what Mr. Randazza represented to a pro se litigant that the call could not be used to do. Plaintiff has addressed this issue fully in his Reply in Support of the Amended Motion to Remand and does not repeat the analysis here. For present purposes, it is enough to note that the representation, and the subsequent use of the conversation, bear directly on the conduct concern raised in the Motion. Plaintiff further notes that the Opposition itself acknowledges, at its footnote 9, that Mr. Randazza's earlier declaration contained an error as to the date of the call.

### B. Continued Communications With Plaintiff After Plaintiff Repeatedly and in Writing Withdrew Consent.

The Opposition characterizes Plaintiff's concern about Mr. Randazza's communications as a complaint that Mr. Randazza was merely "curt . . . in a text message." (ECF No. 25 at 5.) That characterization does not address the actual conduct, and the Opposition is otherwise silent on it.

Defendants' own Exhibit 4 to their Opposition to the Motion to Remand (ECF No. 18-4) documents that, on May 7, 2026, after Plaintiff wrote to Mr. Randazza "I do not want to have any more 'informal' conversation conversations with you," and then "I don't trust you. Please stop texting me," and then "I do not consent to these text messages. It is unprofessional to keep texting me when I've asked you not to," Mr. Randazza continued to send Plaintiff text messages. The concern is not that any single message was curt. The concern is that an attorney seeking a discretionary privilege from this Court continued unsolicited informal communications with an unrepresented opposing party after that party had, in writing and repeatedly, withdrawn consent. This documented exchange post-dates the original Motion to Strike, is contemporaneous, and is authenticated by Mr. Randazza's own declaration filed with the Opposition to the Motion to Remand. The Opposition does not address it.

### C. The Mischaracterization of Plaintiff's Certified Transcript.

The Opposition asserts, at its footnote 8, that Plaintiff's transcript of the April 29 call "was not created by a certified court reporter and contains numerous gibberish phrases." The transcript was prepared and certified by Vanan Online Services, Inc., a professional transcription service, and the corresponding transcription certificate is part of the record (ECF No. 17). A certified court reporter transcribes live court proceedings; the certified transcription of a recorded

telephone conversation is appropriately performed by a certified transcription service, which is what occurred here. Recorded telephone conversations contain the ordinary disfluencies of unrehearsed speech, and the presence of such disfluencies does not render a certified transcript unreliable. Plaintiff respectfully notes that the same Opposition that characterizes Plaintiff's certified transcript as unreliable acknowledges, one footnote later, that Mr. Randazza's own sworn declaration contained a factual error.

## V. THE OPPOSITION'S CHARACTER ARGUMENT ILLUSTRATES THE VERY CONCERN PLAINTIFF'S MOTION RAISED

Section 2.3 of the Opposition urges the Court to "consider the source" and devotes a full section to Plaintiff's character — recounting a 2017 altercation, an assault and battery conviction, and a perjury charge, and asserting that Plaintiff "only escaped the perjury charges because the prosecutor brought the perjury charge in the wrong county." (ECF No. 25 at 6-7.) This material is drawn from the Hingeley Affidavit (ECF No. 18-6) and from Mr. Randazza's earlier declaration — the very materials that are the subject of Plaintiff's pending Motion to Strike Exhibits 5 and 6.

The character argument is improper, and it is not probative of the question before the Court. It invites the Court to resolve a discretionary admission question by weighing Plaintiff's character rather than the conduct of the attorney whose admission is actually at issue. Plaintiff's character is not a fact of consequence to whether the proposed order at ECF No. 7 should be approved; the argument is an improper ad hominem appeal, not a contribution to the admission analysis. Cf. Fed. R. Evid. 404(a)(1) (character evidence is not admissible to prove that a person acted in accordance with a character trait). The Opposition itself acknowledges that "the defense . . . generally considers the argument 'consider the source' to be a weak one" (ECF No. 25 at 6) — and then advances that argument across a full section anyway.

The significance of this is not only evidentiary. Plaintiff's Motion raised a concern about the manner in which this litigation will be conducted. The Opposition answers a motion concerning a visiting attorney's fitness by devoting a full section to character argument against a self-represented litigant — argument that has no bearing on whether the proposed order at ECF No. 7 should be approved. If conduct of this kind is met with admission rather than scrutiny, the

remainder of this case is likely to proceed as a contest of personal accusation rather than an orderly adjudication of the facts and the law. The Court's supervisory interest in the orderly conduct of the litigation before it weighs in favor of careful scrutiny now, while the admission question remains open.

## VI. CORRECTION OF THE RECORD REGARDING THE STERNBERG MATTER

Plaintiff corrects an error in his original Motion to Strike. The Motion stated that the court in *Sternberg v. Warneck*, No. 2:23-cv-01466 (D. Nev.), made a finding that Mr. Randazza's conduct was "abusive and corrosive to the judicial process." That characterization was made by Michael Sternberg, the self-represented litigant in that case, and not by the court. Plaintiff regrets the error and corrects the record. Plaintiff does not contend that any court has made a finding of attorney misconduct against Mr. Randazza in the *Sternberg* matter, and Plaintiff understands that motions for sanctions and discipline in that matter were denied.

Plaintiff understands from the docket that the *Sternberg* matter was reopened following the plaintiff's motion for reconsideration. Plaintiff offers the *Sternberg* matter, as corrected, for a single limited and accurate proposition: that Mr. Sternberg — another self-represented litigant, in another case in which Mr. Randazza appeared as opposing counsel — raised concerns about Mr. Randazza's conduct toward an unrepresented party similar to the concerns Plaintiff raises here. It is offered as one data point bearing on a pattern, and not as a judicial finding.

Plaintiff makes this correction promptly, upon his review of the Opposition, and in the first filing in which he responds to it. Plaintiff respectfully submits that the prompt correction of an inadvertent error, once identified, is the conduct this Court is entitled to expect of every participant in this litigation.

## VII. CONCLUSION

Mr. Randazza's own sworn Declaration confirms the disciplinary pattern Plaintiff's Motion described: three prior pro hac vice denials, discipline by a state supreme court, reciprocal discipline across numerous state and federal authorities, an active federal suspension, and a re-examination in professional responsibility. His conduct in this case — the representation concerning the April 29 call, the continued communications with Plaintiff after Plaintiff

withdrew consent, and the Opposition's resort to improper character argument — confirms the concern. The question before the Court is the discretionary question whether to approve the proposed order at ECF No. 7, and Plaintiff respectfully submits that the discretionary balance does not favor admission.

For the foregoing reasons, and for the reasons stated in the original Motion to Strike (ECF No. 10), Plaintiff respectfully requests that the Court decline to approve the proposed order at ECF No. 7 and decline to admit Mr. Randazza as a visiting attorney in this matter. In the alternative, should the Court grant admission, Plaintiff respectfully requests that the Court enter a limited communications order providing that, during the pendency of this matter, communications between Mr. Randazza and Plaintiff shall be limited to (a) filings on the docket; (b) formal written correspondence sent by United States Mail or by electronic mail to Plaintiff's designated address of record; (c) communications during scheduled depositions, hearings, or trial proceedings; and (d) other communications to which Plaintiff has expressly consented in writing.

Plaintiff respectfully submits that the orderly adjudication of this case — on its facts and its law, rather than through the exchange of personal accusation — is best served by careful scrutiny of the admission question now, while it remains open before the Court.

Respectfully submitted,

Jason Kessler, *Pro Se*

1356 5th Avenue, Apt. 13

Huntington, WV 25701

Telephone: 571-460-0412

Email: jasonerickessler@gmail.com

Dated: May 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing Reply in Support of Motion to Strike or Deny Statement of Visiting Attorney to be served upon the following by the methods indicated:

**Daniel P. Taylor, Esq.**

Taylor & Makricostas, PLLC

320 Penco Road, P.O. Box 2827

Weirton, WV 26062

*By electronic mail to* dtaylor@taymaklaw.com *and by United States Mail*

**Marc J. Randazza, Esq.**

Randazza Legal Group, PLLC

30 Western Avenue

Gloucester, MA 01930

*By electronic mail to* ecf@randazza.com

**David J. Reilly**

3710 N Carolwood Ct

Post Falls, ID 83854

*By United States Mail*

Jason Kessler, *Pro Se*

Dated: May 20, 2026