

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

JASON KESSLER,
        Plaintiff,

v.                                   Case No. 3:26-cv-00317

GAVIN MCINNES and
DAVID J. REILLY,
        Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR PERMISSION TO
FILE ELECTRONICALLY**

Plaintiff Jason Kessler, appearing *pro se*, respectfully submits this Reply in support of his Renewed Motion for Permission to File Electronically (ECF No. 23) and in response to Defendant McInnes's Opposition (ECF No. 26).

The Renewed Motion presented nine separate, independently sufficient grounds of good cause. Defendant McInnes's Opposition contests none of them. It does not dispute the recurring fuel cost of in-person filing, the $49.00 monthly docket-monitoring expense, the income lost to courthouse trips taken during business hours, the 5:30 p.m. close of the Clerk's intake window, the demands of peak moving season, the three written requests for email service that Defendants declined, Plaintiff's technical competency, or the asymmetry by which every other participant in this case receives electronic notice while Plaintiff does not. Defendant Reilly did not respond to the Renewed Motion at all. And since the Renewed Motion was filed, the manner in which the Opposition itself was served has only confirmed the need for the relief Plaintiff requests.

Instead of engaging that showing, the Opposition advances a different argument: that Plaintiff's filings are too numerous and are "what appears to be artificial intelligence generated." (ECF No. 26 at 1.) On that basis it asks the Court not only to deny electronic-filing access, but to impose a pre-filing restriction requiring Plaintiff to obtain advance judicial approval before submitting any further paper, to excuse Defendant McInnes from responding to Plaintiff's filings, and to compel Plaintiff to serve highlighted copies of every case he cites. None of that relief was sought by motion, and none of it is supported. The Opposition's central premise is refuted by the

Opposition itself, which concedes that "Plaintiff has cited to real cases." (ECF No. 26 at 4.) Because the showing of good cause stands uncontested, the Renewed Motion should be granted.

## I.   DEFENDANT MCINNES DOES NOT CONTEST PLAINTIFF'S SHOWING OF GOOD CAUSE

In its May 8, 2026 Order, the Court denied Plaintiff's first motion because Plaintiff had "not demonstrated good cause for permission to file electronically at this time." (ECF No. 15.) The Renewed Motion was filed to cure that deficiency, and it presented a concrete, fact-specific showing organized under nine separate headings. (ECF No. 23.)

Defendant McInnes's Opposition answers none of it. The Opposition does not dispute that each round-trip filing trip costs Plaintiff approximately $7.00 in fuel; that Plaintiff pays $49.00 per month, plus per-page charges, for the docket-monitoring service he must use in the absence of electronic notice; that courthouse trips during business hours cost Plaintiff income from his moving business; that the Clerk's intake window closes at 5:30 p.m. while Plaintiff's jobs run into the evening; that peak season leaves Plaintiff few daytime windows in which to travel to the courthouse; or that Plaintiff has the technical competency to use the CM/ECF system. Nor does the Opposition dispute that Plaintiff asked Defendants in writing, on three separate occasions, to serve him by email, and that each request went unanswered.

A factual showing made in a motion and left unanswered in the responsive brief is, for purposes of the motion, uncontested. The standard the Court itself identified is good cause. (ECF No. 15.) Plaintiff has now made a detailed, multi-ground showing of good cause, and Defendant McInnes has not engaged it. Defendant Reilly filed no response of any kind. On this record, the Renewed Motion is effectively unopposed on its merits, and it should be granted.

## II.   DEFENDANT MCINNES'S SERVICE OF THE OPPOSITION ITSELF DEMONSTRATES THE NEED FOR THE RELIEF REQUESTED

The Renewed Motion documented three written requests, made on April 29 and May 7, 2026, in which Plaintiff asked Defendants to serve him by electronic mail and which Defendants declined. (ECF No. 23.) On May 19, 2026, Plaintiff made a fourth such request, by email addressed to both Mr. Taylor and Mr. Randazza, counsel for Defendant McInnes. That email did two things: it again renewed Plaintiff's request for service by email, and it notified counsel that the postal

address Defendants had been using to serve Plaintiff by mail was incorrect — "off by a digit" — and provided Plaintiff's correct address, 1356 5th Avenue, Apt. 13, Huntington, West Virginia 25701. (Suppl. Decl. ¶ 3 & Ex. A.)

The next day — May 20, 2026 — Defendant McInnes filed the Opposition. The Proof of Service appended to that filing certifies that, in addition to electronic filing with the Clerk, "the foregoing Notice was also sent to Plaintiff via USPS Regular Mail at the following address: 1365 5th Avenue, Apt. 13, Huntington, West Virginia 25701." (ECF No. 26 at 6.) That is the incorrect address — the one Plaintiff had identified as wrong, and corrected in writing to the same counsel, one day earlier. Plaintiff does not receive mail at that address. (Suppl. Decl. ¶ 4.)

Plaintiff does not suggest that this error was deliberate. But whether inadvertent or not, it proves the very point the Renewed Motion makes. Paper service depends on a correct address being accurately recorded and accurately used on every filing; it is fragile, and it lags. Here, a single-digit error carried over from one filing to the next, and a written correction sent directly to counsel did not reach the next day's certificate of service in time to be used. The result is that the paper copy of the Opposition — Plaintiff's only means of receiving Defendants' filings, given their refusal of email service — was directed to an address at which Plaintiff does not receive mail. Electronic-filing access removes that failure point altogether: a registered CM/ECF user receives every filing automatically through the system the moment it is entered, without depending on the accuracy of a mailing address transcribed by hand. The alternative relief Plaintiff requests — an order directing service by electronic mail — would achieve the same result. This development, arising from the very document this Reply answers, confirms that the requested relief is a present necessity, not a convenience.

## III.  THE OPPOSITION'S CENTRAL PREMISE IS REFUTED BY THE OPPOSITION ITSELF

Rather than engage the good-cause showing, the Opposition argues that Plaintiff's filings are "what appears to be artificial intelligence generated" and that such filings are "often rife with false citations." (ECF No. 26 at 1, 3.) Every authority the Opposition assembles on that subject addresses one specific harm: fabricated or fictitious citations — citations to cases that do not exist. (ECF No. 26 at 2–3.)

That harm is not present in this case, and the Opposition says so. In its own words: "To date, Plaintiff has cited to real cases." (ECF No. 26 at 4.) That concession is dispositive of the point. There is not a single fabricated citation anywhere in this record. The cases Plaintiff has cited exist, are published, and are verifiable. The body of authority the Opposition marshals concerns a problem the Opposition concedes does not exist here.

What the Opposition is left with is its assertion that Plaintiff's "partial holdings are either inaccurate, misleading, or misapplied in the manner Plaintiff hopes to use them." (ECF No. 26 at 4.) But a disagreement about what a real, properly cited case means is not misconduct. It is the ordinary substance of adversary briefing — the very thing opposition and reply briefs exist to air. If Defendant McInnes believes Plaintiff has misread a case, the remedy is to explain why in a brief and let the Court decide. Courts resolve competing readings of authority in every contested motion; doing so is the work of adjudication, not evidence of abuse.

The Opposition's recurring qualifier — that the filings are "what appears to be" AI-generated — is itself telling. That is speculation, not evidence. And it is, in any event, beside the point. Plaintiff is aware of no rule of this Court that conditions electronic-filing access, or access to the Court of any kind, on the drafting tools a litigant uses to prepare conforming PDF documents. What the rules require is that filings be non-frivolous and that the authority cited in them be real and accurately represented. Defendant McInnes concedes that Plaintiff's citations are to real cases, and he identifies no filing that any court has found frivolous. The premise of the Opposition fails on the Opposition's own terms.

## IV.   DEFENDANT MCINNES'S LEAD AUTHORITY REQUIRES A LITIGATION HISTORY THAT PLAINTIFF DOES NOT HAVE

The Opposition's principal authority is *Stebbins v. Joshua Moon & Lolcow LLC*, in which this Court denied a *pro se* litigant electronic-filing access. But the Opposition's own parenthetical states the ground of that decision: the court acted to protect its docket from the litigant's "well-documented history of abusive filings," and found that the litigant "has not shown good cause justifying a departure from the Court's pro-se filing policy." (ECF No. 26 at 2.)

A "well-documented history of abusive filings" is precisely what the record in this case lacks. Plaintiff has been a litigant before this Court for approximately three weeks. He has no prior

litigation history before this Court or any other. No court — in this case or in any other case — has sanctioned him, entered a filing restriction against him, or found any pleading of his to be frivolous, vexatious, or brought in bad faith. The Opposition invokes *Stebbins* for a "propensity to abuse" standard while supplying none of the documented track record that the standard, by its own terms, requires. Citing the rule does not establish the facts that would trigger it.

The Opposition's remaining authorities do not close that gap. They are, by the Opposition's own description, decisions addressing fabricated AI citations — a problem the Opposition concedes is absent here — or decisions imposing sanctions. And the Opposition expressly disclaims any request for sanctions: "To be clear, no actual sanctions are sought here." (ECF No. 26 at 3.) Authority concerning the Court's inherent power to sanction bad-faith conduct cannot support relief that Defendant McInnes affirmatively states he is not asking the Court to impose.

## V.    THE DOCKET REFLECTS TWO-SIDED MOTION PRACTICE IN A CASE DEFENDANTS REMOVED

The Opposition's recurring theme is that Plaintiff has "run up the docket" and intends to keep "flooding" it. (ECF No. 26 at 1, 3.) The chronology of the case does not support that characterization.

Plaintiff commenced this action by filing a single complaint in the Circuit Court of Cabell County. Every motion the Opposition now complains of arises directly from a litigation choice that Defendants themselves made. Defendants removed the case to this Court, and the removal is what made a motion to remand necessary. Defendant McInnes sought to have Mr. Randazza admitted as a visiting attorney by filing a Statement of Visiting Attorney, and that filing is what Plaintiff's Motion to Strike or Deny that Statement addresses. Defendants attached Exhibits 5 and 6 to their opposition to the motion to remand, and those exhibits are what the Motion to Strike Exhibits 5 and 6 addresses. And Defendants declined Plaintiff's three written requests for service by email, which is what made a motion regarding service necessary. A plaintiff does not "flood the docket" by responding to the opposing party's removal and the opposing party's motions; he litigates the case the defendants elected to create. The docket entries the Opposition counts include Defendants' own filings — the notice of removal, the opposition to remand and its exhibits, the Statement of Visiting Attorney, and the Opposition now before the Court — together with the Court's own orders.

The Opposition's two specific record citations confirm the point rather than undermine it. The Opposition faults Plaintiff for "point[ing] out his prolific filings" in the Renewed Motion. (ECF No. 26 at 1.) The section it refers to is captioned "The Time-Sensitive Procedural Posture of This Case," and its recitation of the pending motions is the factual predicate for good cause — it shows the procedural intensity that makes paper filing burdensome. It is offered as evidence in support of the motion, not as a boast. The Opposition likewise faults Plaintiff for stating that he anticipates filing roughly fifteen to twenty-five further papers over the next sixty to ninety days. (ECF No. 26 at 1, 3.) Read in context, that estimate expressly encompasses Plaintiff's responses to Defendants' anticipated motion to dismiss, his replies on the motions already pending, a forthcoming amended complaint, and supporting exhibits. An estimate of the briefing that a contested, removed case will require is not a "plan" to flood anything. It is a candid explanation of why electronic access would reduce burden — the very burden the Renewed Motion asks the Court to relieve.

## VI. DEFENDANT MCINNES'S REQUEST FOR A PRE-FILING RESTRICTION IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY UNSUPPORTED

Although styled as an opposition, ECF No. 26 asks the Court to grant Defendant McInnes three forms of affirmative relief: an order requiring Plaintiff to obtain the Court's pre-approval before filing "anything further" until the motion to remand is decided; in the alternative, an order excusing Defendant McInnes from responding to Plaintiff's filings unless the Court requests a response; and an order compelling Plaintiff to serve, with every future filing, a copy of each case cited with the relevant language highlighted. (ECF No. 26 at 4.) Each request should be denied.

### A. The Requests Are Procedurally Improper

A request for affirmative relief must be made by motion — not embedded in the conclusion of a brief that opposes someone else's motion. Defendant McInnes filed no motion for a pre-filing injunction or for any of the other restrictions he now seeks. He gave no separate notice that such relief would be requested. Plaintiff has had no opportunity to respond to it except within this Reply, which is directed to a different question — Plaintiff's own Renewed Motion. Relief of this kind cannot properly be obtained as a rider to an opposition brief.

## B.    A Pre-Filing Injunction Requires Notice and Findings That Are Absent Here

A pre-filing injunction — an order conditioning a litigant's access to the courts on advance judicial permission — is an extraordinary remedy. In this Circuit, before a court may issue such an order, "even a narrowly tailored one," it "must afford a litigant notice and an opportunity to be heard." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004). The Fourth Circuit has further held that notice of one kind of sanction does not supply notice of a pre-filing injunction, because the two "constitute distinct sanctions, inviting distinct defenses." *Id.* To determine whether such an injunction is substantively warranted, a court must weigh "all the relevant circumstances," including (1) the litigant's history of litigation, in particular whether it was vexatious, harassing, or duplicative; (2) whether the litigant had a good-faith basis for the litigation or intended only to harass; (3) the extent of the burden on the courts and other parties; and (4) the adequacy of alternative sanctions. *Id.* at 818. Any resulting order must be "narrowly tailored to fit the specific circumstances at issue." *Id.*

Defendant McInnes's request satisfies none of these requirements. There has been no notice, and no opportunity to be heard, on the question of a pre-filing injunction. There is no history of vexatious or duplicative litigation to weigh — this is Plaintiff's only case, and it is roughly three weeks old. There is no finding, and no basis in the record for a finding, that Plaintiff lacks a good-faith basis for his claims or his motions: the case is before this Court only because Defendants removed it, and the pending motions respond to Defendants' own filings. The Opposition offers nothing on the adequacy of less drastic measures, and it does not even attempt the narrow tailoring that *Cromer* requires — it asks instead for a blanket bar on "anything further." On this record, a pre-filing injunction is unavailable.

## C.    The Remaining Requests Fail As Well

The request to require pre-approval "until the motion for remand is decided" is especially ill-suited to the posture of this case. The motion to remand raises the question whether this Court has subject-matter jurisdiction at all. Restricting Plaintiff's ability to be heard while that jurisdictional question remains unresolved — and while Plaintiff is actively litigating to return the case to the court in which he filed it — would invert the ordinary order of decision.

The alternative request — that Defendant McInnes be relieved of any obligation to respond to Plaintiff's filings unless the Court requests a response — is not a recognized form of relief. A

party who believes that a particular filing warrants no response is free to decline to respond to it. He does not need, and is not entitled to, a standing order excusing him in advance from the ordinary give-and-take of motion practice.

Finally, the request to compel Plaintiff to serve highlighted copies of every case he cites rests entirely on the AI-citation premise that the Opposition itself defeats. By Defendant McInnes's own description, the authority he cites for that request imposed a verification-and-disclosure requirement — not a denial of access, and not a pre-filing bar. (ECF No. 26 at 4.) Even taken at face value, that description shows that the calibrated response to a genuine concern about citation accuracy is a verification measure, not the stripping of court access or the filing restriction Defendant McInnes seeks. And here there is no genuine concern to calibrate against: Defendant McInnes concedes that Plaintiff's citations are real.

## VII. GRANTING ELECTRONIC-FILING ACCESS SERVES THE ORDERLY ADMINISTRATION OF JUSTICE

The Opposition frames its requests as measures that would protect "the orderly administration of justice." (ECF No. 26 at 4.) Electronic-filing access advances that interest. Denying it does not.

When a *pro se* litigant files on paper, the Clerk's office must receive, process, scan, and manually docket each submission. Electronic filing shifts that work to the filer and produces a docket-ready document automatically. Granting Plaintiff access would reduce the Clerk's administrative burden, not add to it. It would also eliminate Plaintiff's repeated in-person trips to the courthouse, and it would give Plaintiff the same real-time Notices of Electronic Filing that every other participant in this case — including Defendant McInnes's counsel of record and his proposed visiting attorney — already receives. That is the service asymmetry the Court identified in its May 8 Order, when it observed that Plaintiff was receiving notice only "by other means." (ECF No. 15.) As Part II explains, that arrangement has now produced service of Defendants' filings to an incorrect address. Electronic access cures it.

Denying access would not reduce the number of filings in this case. It would only make each filing slower, more expensive, and more burdensome for the Clerk to process. The Opposition's stated objective and the relief the Renewed Motion requests point in the same direction.

## CONCLUSION

For the foregoing reasons, and on the uncontested showing of good cause set out in the Renewed Motion and the accompanying Declaration, Plaintiff respectfully requests that the Court grant the Renewed Motion for Permission to File Electronically. Plaintiff further requests that the Court decline Defendant McInnes's requests — made without a motion, and without the notice, findings, and tailoring that governing law requires — for a pre-filing restriction, for an order excusing him from responding to Plaintiff's filings, and for an order compelling Plaintiff to serve highlighted copies of cited authority.

In the alternative, should the Court decline to grant electronic-filing access, Plaintiff renews his request that the Court direct Defendants to accept service by electronic mail at jasonerickessler@gmail.com pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

Respectfully submitted,

/s/ Jason Kessler
Jason Kessler, *Pro Se*
1356 5th Avenue, Apt. 13
Huntington, WV 25701
Telephone: 571-460-0412
Email: jasonerickessler@gmail.com

Dated: May 21, 2026

## SUPPLEMENTAL DECLARATION OF JASON KESSLER

I, Jason Kessler, declare as follows:

1.  I am the Plaintiff in this action and I appear *pro se*. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could and would testify competently to them. I submit this Supplemental Declaration in support of my Renewed Motion for Permission to File Electronically (ECF No. 23) and the foregoing Reply.

2.  My correct mailing address of record in this action is 1356 5th Avenue, Apt. 13, Huntington, West Virginia 25701.

3.  On May 19, 2026, at approximately 2:39 p.m. Eastern Time, I sent an email to counsel for Defendant McInnes, addressed to Daniel P. Taylor at dtaylor@taymaklaw.com and to Marc J. Randazza at ecf@randazza.com. In that email I renewed my request to be served by electronic mail, and I separately notified counsel that the postal address being used to serve me by mail was incorrect — "off by a digit" — and I provided my correct address, 1356 5th Avenue, Apt. 13, Huntington, West Virginia 25701. A true and correct copy of that email is attached as Exhibit A.

4.  On May 20, 2026, Defendant McInnes filed his Opposition (ECF No. 26). The Proof of Service for that filing states that a paper copy was sent to me by USPS Regular Mail at "1365 5th Avenue, Apt. 13, Huntington, West Virginia 25701." That is not my mailing address, and I do not receive mail sent to that address.

5.  Defendants do not serve me by electronic mail, and I am not currently a registered user of the Court's CM/ECF system. Service by United States Mail is therefore my only means of receiving Defendants' filings in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 21, 2026.

/s/ Jason Kessler
Jason Kessler, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing Plaintiff's Reply in Support of Renewed Motion for Permission to File Electronically, including the Supplemental Declaration of Jason Kessler and Exhibit A thereto, to be served upon the following by the methods indicated:

**Daniel P. Taylor, Esq.**
Taylor & Makricostas, PLLC
320 Penco Road, P.O. Box 2827
Weirton, WV 26062
*By electronic mail to dtaylor@taymaklaw.com and by United States Mail*

**Marc J. Randazza, Esq.**
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
*By electronic mail to ecf@randazza.com*

**David J. Reilly**
3710 N Carolwood Ct
Post Falls, ID 83854
*By United States Mail*

/s/ Jason Kessler
Jason Kessler, *Pro Se*

Dated: May 21, 2026