

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### HUNTINGTON DIVISION

JASON KESSLER,
   Plaintiff,

v.              Case No. 3:26-cv-00317

GAVIN MCINNES and
DAVID J. REILLY,
   Defendants.

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE OR DISREGARD EXHIBITS 5 AND 6 AND PORTIONS OF THE DECLARATION OF MARC J. RANDAZZA

Plaintiff Jason Kessler, appearing *pro se*, respectfully submits this Reply in support of his Motion to Strike or Disregard Exhibits 5 and 6 and Portions of the Declaration of Marc J. Randazza (ECF No. 19), and in response to Defendants' Opposition (ECF No. 28).

The Opposition concedes the relief that matters. As to Exhibit 5, Defendants state that they have "no objection to the Court considering the full article rather than the single quoted sentence" — the full-context relief Plaintiff's motion requested. As to Exhibit 6, Defendants state that the Court "may presume that every word in the Hingeley Affidavit is false," and that the affidavit is offered only to show what Mr. Randazza believed — conceding that its contents are not offered, and cannot be credited, for their truth. And as to all of the challenged material, the Opposition never argues that any of it bears directly on the amount in controversy — the single question the underlying Motion to Remand presents.

What remains of the Opposition does not withstand examination. Its lead argument — that Federal Rule of Civil Procedure 12(f) reaches only "pleadings" — answers a position Plaintiff's motion expressly disclaimed. Its three "non-propensity" purposes are, on inspection, the propensity inference Rule 404 forbids, relabeled. And its closing pages re-argue the merits of the Motion to Remand, a question Defendants themselves concede the Court "need not reach" to decide this motion. The challenged materials should be stricken or, in the alternative, disregarded.

## I.    THE OPPOSITION CONCEDES THE ALTERNATIVE RELIEF PLAINTIFF REQUESTED

Plaintiff's motion asked the Court to strike the challenged materials or, in the alternative, to disregard them — and, as to Exhibit 5, to consider it "only in its full context rather than through the selective excerpt." (ECF No. 19.) The Opposition concedes that alternative relief.

**Exhibit 5.** Defendants state: "To the extent Plaintiff contends the article should be considered 'in full context,' Defendants have no objection to the Court considering the full article rather than the single quoted sentence." (ECF No. 28 at 5.) That is precisely the relief Plaintiff requested. The dispute over Exhibit 5 is therefore resolved: the Court should consider the *American Free Press* article in its entirety — including Plaintiff's own denial of the underlying accusation against him — rather than the lone "successful pro se litigant" phrase Defendants excerpted.

**Exhibit 6.** As to the Hingeley Affidavit, Defendants state that the Court "may presume that every word in the Hingeley Affidavit is false," and that the affidavit is offered not for the truth of its contents but only to show that "Randazza believed the facts in it to be true." (ECF No. 28 at 4.) Defendants thus concede that the affidavit's contents — the catalog of Plaintiff's criminal record and the prosecutor's character opinions — are not offered, and may not be credited, for their truth. As shown in Parts III and IV below, that concession is fatal to every use Defendants actually seek to make of the affidavit.

These concessions narrow the motion considerably. They also confirm its premise: Defendants do not contend that the challenged materials are reliable evidence of anything bearing on the amount in controversy. The remaining question is simply whether the materials, so understood, should be considered by the Court in deciding the Motion to Remand. They should not.

## II.    THE OPPOSITION'S RULE 12(f) ARGUMENT ANSWERS A POSITION PLAINTIFF DID NOT TAKE

The Opposition devotes its first three pages to the proposition that Federal Rule of Civil Procedure 12(f) authorizes striking only from "pleadings," and that motion papers, exhibits, and declarations are not pleadings. (ECF No. 28 at 1–3.) Plaintiff's motion said the same thing. It expressly stated: "Plaintiff recognizes that Federal Rule of Civil Procedure 12(f) is most

commonly invoked to strike material from pleadings rather than from motion papers." (ECF No. 19.)

Plaintiff's motion did not rest on Rule 12(f). It rested on the Court's authority to decline to rely on improper or inadmissible material in resolving a contested motion, and it requested, in the alternative, "an express ruling that the materials will not be considered in deciding the Motion to Remand." (ECF No. 19.) A court ruling on a disputed question of subject-matter jurisdiction necessarily decides what evidence is competent to support the parties' positions. Determining that requires no resort to Rule 12(f).

Defendants themselves describe Plaintiff's motion accurately: it "is principally an evidentiary objection invoking Rules 401, 403, 404, 801, and 803(8)." (ECF No. 28 at 3.) Just so. An evidentiary objection is resolved under the Federal Rules of Evidence — not under Rule 12(f). The cases Defendants cite on this point concern motions to strike matter from pleadings; none addresses whether a court may decline to consider inadmissible character evidence in deciding a jurisdictional motion. Whatever the caption of Plaintiff's motion, its substance is an evidentiary objection, and the Court may rule on it as such.

## III.  DEFENDANTS' "NON-PROPENSITY" PURPOSES ARE THE PROPENSITY INFERENCE RULE 404 FORBIDS, RELABELED

The Opposition asserts that the challenged materials are offered for three "non-propensity" purposes: to show that Plaintiff is an experienced litigant not entitled to liberal construction; to rebut Plaintiff's concern that defense counsel took advantage of him; and to bear on Plaintiff's credibility. (ECF No. 28 at 3, 5–7.) Labels aside, each purpose either depends on the forbidden propensity inference or fails to connect the challenged material to the question this motion concerns.

### A.  The "Credibility" Purpose Is the Propensity Inference

Defendants argue that Plaintiff's "documented history — including the incident where Plaintiff attacked someone and then falsely accused the victim of being the aggressor" — "is probative of the credibility of his current narrative." (ECF No. 28 at 7.) Stated plainly, the argument is this: because Plaintiff is said to have lied before, the Court should distrust what he says now. That is the propensity inference — prior conduct offered to show action in conformity with character —

and Federal Rule of Evidence 404(a)(1) prohibits it. Relabeling the inference "credibility" does not change its structure.

Defendants' own authority forecloses their method. They invoke Rule 608(b). But Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness"; it permits only inquiry "on cross-examination." The Hingeley Affidavit — a 2020 affidavit prepared by a non-party prosecutor in an unrelated state proceeding — is extrinsic evidence in its purest form. Rule 608(b) does not authorize placing it before the Court; by its terms, it forbids exactly that.

And Defendants' concession that the affidavit's contents may be "presume[d] … false" (ECF No. 28 at 4) independently defeats the credibility theory. A document the Court is invited to presume false cannot be probative of the truthfulness of anything — including Plaintiff's transcription of the April 29, 2026 call.

## B.    The "Experienced Litigant" Purpose Does Not Justify the Challenged Materials

Defendants argue that the materials show Plaintiff is an experienced litigant not entitled to the liberal construction ordinarily afforded *pro se* filings. (ECF No. 28 at 5–6.) That argument does not support the materials Defendants actually submitted.

The authorities Defendants themselves cite require a litigant's "substantial prior experience in federal court" with the "particular requirements" of federal practice at issue. A self-description, in a niche newspaper article, as a "successful pro se litigant" with years of "legal combat" does not establish experience with the procedure of federal removal, the amount-in-controversy standard, or the Federal Rules of Evidence. Indeed, the very sentence Defendants excerpt begins, in Plaintiff's own words, "I am not an attorney."

Exhibit 6 supports the "experienced litigant" theory even less. The Hingeley Affidavit concerns Plaintiff's status as a criminal defendant and as an applicant for a concealed-handgun permit. A criminal defendant does not choose to litigate and does not direct the litigation; that is not the voluntary federal-civil experience Defendants' cases describe. The affidavit shows nothing about Plaintiff's familiarity with federal removal practice. Its only operative content is the catalog of convictions and the prosecutor's character opinions — which is to say, its only content is character evidence. Whether Plaintiff's filings are entitled to liberal construction is, in any event,

a legal question for the Court, answered by examining the filings themselves. It is not an occasion to import a prosecutor's character affidavit into the jurisdictional record.

## C.    Plaintiff Did Not "Open the Door" to a Prosecutor's Character Affidavit

Defendants argue that because Plaintiff expressed concern about being "taken advantage of" by defense counsel during the April 29 call, he has placed his "legal sophistication … at issue" and may not "complain when the opposing party responds." (ECF No. 28 at 6.) Even accepting the premise, the conclusion does not follow. A litigant's concern about the dynamics of a single telephone call does not "open the door" to a 2020 firearm-permit affidavit cataloguing 21-year-old convictions and a dismissed indictment. The door-opening principle has limits; it does not convert every character document in existence into admissible evidence.

Defendants also invoke Federal Rule of Evidence 404(a)(2)(B). That subsection, by its express terms, applies only "in a criminal case," and concerns character evidence offered about an alleged victim. This is a civil removal dispute. Rule 404(a)(2)(B) has no application here.

## D.    None of Defendants' Theories Presents the Question the Motion to Remand Decides

The Motion to Remand presents one question: whether the amount in controversy exceeds $75,000. The Opposition never argues that Exhibit 6 or the challenged paragraphs of the Randazza Declaration bear directly on that question. Its three theories go to liberal construction, to a "taken advantage of" allegation, and to credibility. The only one of the three that even attempts to connect the challenged material to the amount in controversy is the credibility theory — the suggestion that Plaintiff's criminal history casts doubt on his transcription of the April 29 call. And that theory, as shown above, is precisely the propensity inference Rule 404 forbids. Defendants are left with no permissible route by which the challenged materials bear on the question the Court must decide.

## IV.    THE "EFFECT ON THE LISTENER" THEORY DOES NOT SAVE THE HINGELEY AFFIDAVIT

Plaintiff's motion showed that the Hingeley Affidavit is hearsay for which Defendants had identified no exception. The Opposition does not defend the affidavit under Rule 803(8) or any other hearsay exception. It instead offers a single new theory: that the affidavit is not offered for its truth at all, but only to show that defense counsel "was aware of certain facts" about Plaintiff

and "believed" them at the time of the April 29 call — an "effect on the listener." (ECF No. 28 at 4.) That theory does not rescue the affidavit.

First, an "effect on the listener" purpose matters only if the listener's state of mind is itself a fact of consequence. Here it is not. The Motion to Remand asks whether the amount in controversy exceeds $75,000. What Mr. Randazza personally believed about Plaintiff during a telephone call has no tendency to make that jurisdictional fact more or less probable. Rule 401. An affidavit offered only to prove an irrelevant state of mind is itself irrelevant.

Second, the "effect on the listener" theory confirms the affidavit's actual function. The only reason Mr. Randazza's belief about Plaintiff's character is said to matter is paragraph 17 of his Declaration — the express argument that Plaintiff's prior conduct makes it more likely that Plaintiff "intentionally mistranscribed" the April 29 call. That is the propensity use, and the affidavit was offered to support it.

Defendants cannot have the affidavit both ways. Either its contents matter because they are true — in which case it is barred character evidence and hearsay without an exception — or its contents are "presume[d] ... false" and it shows only Mr. Randazza's state of mind — in which case it is irrelevant to the amount in controversy. On neither path is the affidavit properly considered in deciding the Motion to Remand.

Finally, Defendants respond to the affidavit's incompleteness — its repeated reliance on underlying exhibits never provided to this Court — by arguing that incompleteness "goes to weight, not admissibility." (ECF No. 28 at 4.) Even on Defendants' own framing, that is a reason to give the affidavit no weight in the jurisdictional analysis. Affording it no weight is the alternative relief Plaintiff's motion requests.

## V.   THE OPPOSITION'S ARGUMENTS ON THE MERITS OF THE MOTION TO REMAND ARE OUTSIDE THE SCOPE OF THIS MOTION

The final pages of the Opposition re-argue the merits of the Motion to Remand — the meaning of *Dart Cherokee*, excerpts from the April 29 transcript, and Plaintiff's response to a stipulation request. (ECF No. 28 at 7–10.) Defendants themselves acknowledge that "[t]he Court need not reach the underlying merits of the remand motion to deny the Motion to Strike." (ECF No. 28 at 7.) That is correct, and it is reason enough to set those arguments aside here.

The Motion to Remand is separately and fully briefed. Plaintiff rests on that briefing and does not re-argue the remand merits in this Reply. Plaintiff notes only that Defendants' own quotation of *Dart Cherokee* confirms the standard Plaintiff's motion stated: once a plaintiff contests the amount in controversy, the removing party must establish it by a preponderance of the evidence. The present motion does not ask the Court to decide that question. It asks only that the Court, in deciding it, not rest on character evidence that is irrelevant, improper, and — as to the Hingeley Affidavit — conceded by Defendants to be presumptively false.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order striking, or in the alternative disregarding, Exhibit 5 (ECF No. 18-5), Exhibit 6 (ECF No. 18-6), and paragraphs 10, 11, and 17 of the Declaration of Marc J. Randazza (ECF No. 18-3). At a minimum — and by Defendants' own concessions — the Court should consider the *American Free Press* article only in its full context rather than through Defendants' selective excerpt, and should not credit or rely on the contents of the Hingeley Affidavit, which Defendants concede may be presumed false, in deciding the Motion to Remand.

Respectfully submitted,

*Jason Kessler*

/s/ Jason Kessler

Jason Kessler, *Pro Se*
1356 5th Avenue, Apt. 13
Huntington, WV 25701
Telephone: 571-460-0412
Email: jasonerickessler@gmail.com

Dated: May 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing Plaintiff's Reply in Support of Motion to Strike or Disregard Exhibits 5 and 6 and Portions of the Declaration of Marc J. Randazza to be served upon the following by the methods indicated:

**Daniel P. Taylor, Esq.**
Taylor & Makricostas, PLLC

320 Penco Road, P.O. Box 2827
Weirton, WV 26062
*By electronic mail to dtaylor@taymaklaw.com and by United States Mail*

**Marc J. Randazza, Esq.**
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
*By electronic mail to ecf@randazza.com*

**David J. Reilly**
3710 N Carolwood Ct
Post Falls, ID 83854
*By United States Mail*

/s/ Jason Kessler
Jason Kessler, *Pro Se*

Dated: May 22, 2026